## WALLACE ET AL. v. AXTELL.

1. EVIDENCE—ALLEGATION AND PROOF.

Evidence of the plaintiff's liability to defendant on a guaranty is not admissible under a plea of payment.

2. CONTRACTS—NOVATION—CONSIDERATION.

When several parties are mutually indebted to each other, they may by agreement amongst themselves vary their respective liabilities and substitute one debt in the place of another. By mutual contract between all the parties interested—creditor, debtor and payee—the original debts are extinguished and the annihilation of those debts is a sufficient consideration for the promise to pay the new debt.

*Appeal from the District Court of Gunnison County.*

APPELLEE (plaintiff below) brought suit against appellants to recover, 1st, upon a promissory note for $500, made by the defendants payable to him, bearing date April 1, 1890, with interest at one per cent per month from date until paid, upon which it was alleged only $30.00 had been paid ; 2d, for two hundred ($200) dollars, rent due the plaintiff for use of store. The promissory note was lost. The defendants answered, admitting the making of and delivery of the note, as alleged in the complaint, but alleged that they had fully paid and settled the note, with all the interest and charges ; also admitted the renting of the store, but alleged full payment of rent, etc.

The defendants also filed a cross complaint, alleging : " That plaintiff became and was indebted to defendants in the sum of $916.30, for goods, wares and merchandise sold and delivered to plaintiff by defendants, at his instance and request, between the first day of May, 1890, and the second day of December, 1891, which said sum has not been paid, except the sum of $778.05 ; and that there remains now due and unpaid to defendants the sum of $138.25.

" Wherefore defendants pray a judgment against plaintiff for the sum of $138.25, for their costs, and for such other relief as may seem proper to the court."

The causes of action alleged in the complaint having been admitted, defendants, to make proof of payment and cross-demand, undertook to establish the fact, not as alleged in the cross complaint of the sale and delivery to the plaintiff of the goods to the value of $916.30, or of any goods whatever, but that defendants had sold and delivered to Murphy & Doyle (a firm doing business in the vicinity) goods to that amount, for a payment of which the plaintiff had in some way become responsible. A trial was had to a jury, to which the court gave the following instructions, claimed by appellants to have been erroneous, and to which exceptions were saved:

" It is claimed upon the part of the defendants that a portion of the payments alleged by them to have been made in discharge of said note, and in liquidation of said account for rent, consisted in assigning to said plaintiff their account against the firm of Murphy & Doyle; and as a further evidence of such payment, it is also claimed, upon the part of defendants, that they executed and delivered to said plaintiff an order upon said firm to pay said plaintiff the amount of said account.

" It does not appear from the evidence, nor is it claimed by either of the parties to this action, that said account or the order has ever been paid by the said Murphy & Doyle to the said plaintiff, and the court therefore instructs you that although it may appear from the evidence that said account was assigned by said defendants to said plaintiff, or said order given said plaintiff, as by said defendants claimed, yet, before you would be warranted in finding that said assignment of said account or the giving of said order was a payment upon said note, or upon said account for rent, it must affirmatively appear from the evidence that said assignment of said account or the taking of such order was by the said plaintiff accepted and taken in payment upon said note and the account for rent aforesaid; and you are further instructed that as to a payment having been so made, the burden of proof rests with the defendants, and they must establish such payment to your satisfaction, by a preponderance of the evidence, before

you would be warranted in finding that the assignment of said account or the execution and delivery of said order was a payment, as by the defendants in this case claimed."

"The court further instructs you that, under the pleadings and evidence in this case, any promise or statements on the part of the plaintiff to guarantee the payment of the account of Murphy & Doyle to the defendants in this case would not, as to said plaintiff, create any liability on said account; the law being that every special promise of a person to answer for a debt, default or miscarriage of another must be in writing, subscribed by the party making such promise, before any liability is created thereby, or any action can be maintained thereon."

The jury found for the plaintiff in the sum of $833. Judgment upon the verdict and an appeal to this court.

Mr. DEXTER T. SAPP, Mr. SPRIGG SHACKELFORD and Mr. THOMAS C. BROWN, for appellants.

Mr. S. D. CRUMP and Mr. ALEX. GULLETT, for appellee.

REED, J., delivered the opinion of the court.

The original indebtedness upon both note and for rent was admitted by the pleading. The only issues to be determined by the jury were those of payment. The cross complaint and its claim for a balance of $138.25 seems, very properly, to have been abandoned, as there was no evidence tending to show that any goods were sold by the defendants to the plaintiff. If it was intended to cover the sale of the goods to Murphy & Doyle, such sale must have been specially pleaded, as no recovery could have been had for the sale of goods to Murphy & Doyle under the allegation in the cross complaint.

It is impossible from the course pursued upon the trial to determine upon what theory defendants sought to establish the claim against Murphy & Doyle as payment of the claim

of plaintiff. ' If upon the theory that the goods were sold and delivered to Murphy & Doyle upon the order and credit of plaintiff as a guarantor, and the goods not having been delivered or charged to the plaintiff, there not having been an instrument in writing signed by the plaintiff, it was void under the statute of frauds.

The trial judge appears also to have been at a loss in regard to the theory of the defense, and gave the fourth instruction to cover the case, if plaintiff was claimed to be a guarantor. Complaint is made of this instruction. It is contended in argument that it was misleading; that the court was misled as to the issues being tried; " that there was no claim made by the pleadings; that there was a guaranty," which was true, as the pleadings failed in any way to mention the Murphy & Doyle's indebtedness; that "there was no argument by counsel with reference to a guaranty; not a scintilla of evidence of guaranty. What induced the trial court to give such an instruction we are unable to guess." It was probably owing to the first testimony offered, that of appellant Fraser, " that plaintiff had induced the firm of Wallace & Fraser to trade with Murphy & Doyle, and had agreed to take the bill off the hands of defendants at any time." This would seem to have been relied upon as a guaranty. If not, I am in the same mental situation counsel think the trial court was in. *I really don't know what issues were being tried.*

The claim against Murphy & Doyle was pleaded and treated by defendants as the debt of appellee, although the goods were sold and delivered to Murphy & Doyle, and charged to them. Fraser testified that appellee, in advance, induced the sales by agreeing to take the bill off their hands at any time. This was probably " what induced the trial court to give such instruction " (No. 4), although the attempt to establish a guaranty seems to have been abandoned and very properly by counsel, as, 1st, it was void under the statute of frauds; 2d, it could not be admitted under the plea of payment, which was the only plea. It must, to have

been admissible, have been pleaded as a set-off or counter-claim.

After Fraser's evidence, the instruction was properly given, and it is not amenable to the criticism indulged in by counsel in regard to it.

Subsequently, defendants by their evidence attempted to establish a novation or substitution, by which the note and rent of appellants was paid by the debt of Murphy. & Doyle, but an examination of the evidence will show that it fell far short of the legal requirements. What was apparently attempted to be proved was a new contract substituted for the old, whereby the debts from appellants were discharged, and the debt of Murphy & Doyle substituted. "A novation takes place by the intervention of a new debtor where another person becomes debtor in my stead, and is *accepted by the creditor* who discharges me from the original debt. Pothier on Oblig., No. 546.

"When several persons are mutually indebted to each other, they may by agreement amongst themselves, vary their respective liabilities, and substitute one debt in the place of another. *By a mutual contract and arrangement between all the parties interested, creditor, debtor, and payee, the original debts are extinguished and the annihilation of those debts is a sufficient consideration for the promise to pay the new debt."* 3 Add. on Cont., 1226 ; *Tatlock v. Harris,* 3 T. R. 180 ; *Fairlie v. Denton,* 8 Barn. & C. 400 ; *Guichard v. Brande,* 57 Wis. 534.

To establish the claim against Murphy & Doyle, as payment of the claims of plaintiff, it was necessary to show the participation in and joint action of the three parties, the plaintiff, the defendants, and Murphy & Doyle, and that by the mutual contract of all, the plaintiff took the claim against Murphy & Doyle in the place of those against appellants, *released the latter, and canceled the obligations,* and that Murphy & Doyle agreed to pay appellee instead of appellants.

It will readily be seen that no such transaction was proved;

hence, that there was no payment, but that appellants, if it could have been legally established, had only a claim against the plaintiff that could have been made available as a set-off or counterclaim.

Objections are ably and elaborately urged in argument to the third instruction. The error assigned is, " that the court erred in charging the jury in the third instruction, the same being misleading."

In argument counsel say: " *While we think the third instruction* contained the correct legal proposition, it was so unfortunately worded as to mislead the jury," etc. In the supplemented argument it is discussed at great length, the discussion being confined to the closing paragraph, which is:

" The burden of proof rests with the defendants, and they must establish such payment to your satisfaction, by a preponderance of the evidence, before you would be warranted in finding that the assignment of said account or the execution and delivery of said order was a payment, as by the defendants in this case claimed."

The criticism is too technical, refined, and subtle for me to grasp it. It is contended that the court should not have said " to your satisfaction." It might possibly be open to the charge of tautology. The jury, if honest as juries are supposed to be, could not have been satisfied of the fact unless there was a preponderance of the evidence. The jury were to judge of the preponderance, and if found, it must, or at least should have been satisfactory. A careful examination of the charge fails to show it erroneous in any respect.

The first and second instructions are discussed at considerable length in the supplemental argument, although not excepted to nor errors assigned upon them. I have carefully examined them and do not think the criticisms warranted.

The judgment of the district court will be affirmed.

*Affirmed.*