### In re LODEN.

(District Court, N. D. Georgia. December 28, 1910.)

**1. BANKRUPTCY (§ 336\*)—CLAIMS—WRITTEN INSTRUMENT—WITHDRAWAL.**

Where a claim based on a note had been allowed, the claimant was expressly authorized, by Bankr. Act July 1, 1898, c. 541, § 57b, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), to withdraw the original note by permission of the court on leaving a copy on file.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 336.\*]

**2. BANKRUPTCY (§ 363\*)—CLAIMS—WAIVER—PROCEEDINGS.**

Where petitioner, holding a note against a bankrupt containing a waiver of homestead exemption, filed the note as an unsecured claim in the bankruptcy proceedings, he did not thereby waive his right to proceed in a court of competent jurisdiction to subject the homestead to the payment of the balance of the debt, after crediting his dividends in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 363.\*]

In the matter of bankruptcy proceedings against F. M. Loden. Application by B. D. Langford to withdraw a claim proven in bankruptcy proceedings. On petition to review an order of the referee denying such application. Reversed in part.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Geo. K. Looper, for bankrupt.
B. P. Gaillard, for movant.

NEWMAN, District Judge. The movant, Langford, after having proven his claim, and the same having been allowed, asked leave to withdraw it. The referee allowed him to withdraw the original note, and to leave a copy on file in the bankruptcy court. He refused to allow the claim to be withdrawn for the following reasons:

"(1) Because the claim had been regularly filed and allowed by the court, and the claim is therefore adjudicated as an unsecured claim in favor of B. D. Langford, and against the estate of F. M. Loden, bankrupt.

"(2) Because the said B. D. Langford, having filed the claim as an unsecured creditor, and exercised the right to vote as an unsecured claim, is now estopped from withdrawing the same on the ground that the same is a secured claim.

"(3) Because, having proved said claim as an unsecured claim, and submitted to the jurisdiction of the bankruptcy court, he is now estopped from withdrawing the same for the purpose of proceeding in another jurisdiction."

To this exceptions were filed by Langford, and it comes before the court now on petition to review the action of the referee, properly certified.

The referee was clearly right in allowing the movant to withdraw his original note and leave a copy. Bankr. Act July 1, 1898, c. 541, § 57b, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443). Whether the referee ruled correctly on the question as to his right to withdraw the claim entirely need not now be determined; that is, whether he was right in holding that Langford could not wipe out what he had done by making formal proof of his claim and having it allowed as an unsecured debt.

Counsel for both sides, in argument at the bar, agreed that proceedings had been instituted on the original note, the same containing a waiver of homestead exemption, for the purpose of enforcing the same against any exemption allowed. It is my opinion that that question should be left for determination in the court in which the proceeding is pending, and should not be decided in advance of its consideration.

It is not at all clear to me that, because a creditor has proven his claim as unsecured in the bankruptcy court, he may not, notwithstanding this, assert whatever peculiar right he may have against the homestead exemption. His claim may not be a secured one in the ordinary meaning of that term, and yet he may have his peculiar right by reason of a waiver of exemption against exempt property. In Bell v. Dawson County Grocery Company, 120 Ga. 628, 48 S. E. 150, Simmons, Chief Justice, speaks of the rights of a creditor holding waiver note in this way:

"The waiver becomes in the nature of a security, in that the debt may be made out of any property owned by the debtor, without regard to any exemption rights which the debtor would have had but for the waiver."

The question here involved has been to a large extent determined, I think, by the judge of this district. In re Meredith, 144 Fed. 230. The interesting question there was how to reach the amount for which

the creditor holding a waiver note could prove his claim as an unsecured debt in the bankruptcy court, and the whole matter is fully gone into and determined. I do not see anything in that decision, which was made after very careful consideration of the subject, which would prevent a creditor holding a waiver note from participating in a bankruptcy proceeding, and also asserting, in a court of competent jurisdiction, his peculiar claim against the homestead estate.

The action of the referee in allowing the withdrawal of the original note is approved. His views, expressed in his return upon the petition for review, are so far revised as to leave the effect of the proof of the claim in bankruptcy an open matter, to be determined in a court of competent jurisdiction when the question may arise.