### GEORGIA RAILROAD BANK v. KOPPEL et al.

#### In re ROSENTHAL.

(Circuit Court of Appeals, Fifth Circuit. October 22, 1917.)

No. 3020.

1. MORTGAGES ⟨⟩171(4)—RECORD—EFFECT.

Under Civ. Code S. C. 1912, § 3542, declaring that all deeds to land, all trust deeds, or instruments in writing conveying either real or personal estate and creating a trust or trusts in regard to such property, or charging or incumbering the same, as well as all mortgages, or instruments in

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

writing in the nature of a mortgage of any property, real or personal, shall be valid, so as to affect from the time of delivery or execution the rights of subsequent creditors, whether lien creditors, or simple contract creditors, or purchasers for valuable consideration without notice, only when recorded within 10 days from the time of such delivery or execution, the fact that a written instrument in the nature of a mortgage was actually transcribed in the records of the county where the land was located is of no effect, and gives no constructive notice, where the instrument was not proven or acknowledged, so as to entitle it to recordation.

2. MORTGAGES ⊂⟶173—RECORD—INSTRUMENTS IN NATURE OF MORTGAGE.

Where the owner of a bond for title to land in South Carolina assigned the same to a bank, and thereafter such bank, in consideration of the payment of the owner's indebtedness by the claimant bank, together with the owner, assigned the bond for title to secure to the claimant bank the repayment of the sums advanced, the assignment of the bond for title, being in writing, was an instrument in the nature of a mortgage, and under Civ. Code S. C. 1912, § 3542, was ineffective as against subsequent creditors and purchasers for a valuable consideration without notice, where not duly recorded within 10 days after execution or delivery.

Petition to Superintend and Revise Proceedings of the District Court of the United States for the Southern District of Georgia; William Wallace Lambdin, Judge.

In the matter of the Bankruptcy of A. Rosenthal. On petition of L. Koppel and Albert G. Ingram, trustee, to review an order of the referee allowing the claim of the Georgia Railroad Bank as a secured claim, the order was reversed and set aside (238 Fed. 597), and the claimant bank petitions to superintend and revise. Affirmed.

Bryan Cumming, C. H. Cohen, and R. S. Cohen, all of Augusta, Ga. (Cumming & Harper, of Augusta, Ga., on the brief), for petitioner.

Samuel H. Myers and P. C. O'Gorman, both of Augusta, Ga. (Hamilton Phinizy, of Augusta, Ga., on the brief), for respondents.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. A. Rosenthal was adjudged a bankrupt in August, 1913. The Georgia Railroad Bank filed its claim as a secured creditor to the amount of $14,950, setting out, among other securities, that which becomes the subject-matter of this proceeding. L. Koppel, an unsecured creditor, filed a petition, alleging that the trustee had refused to proceed, and attacked the validity of the claim of the Georgia Railroad Bank as to such security. The referee held for the bank, and an appeal was taken to the United States District Court for the Southern District of Georgia, where the ruling was reversed. The judgment is before this court for review.

One Mealing, on July 3, 1911, executed to Rosenthal a bond for title to land in Aiken county, S. C.; the condition of the bond being that, upon the payment of $2,000 in the manner indicated, with interest, Mealing would execute a conveyance in fee simple, the payee of the bond obligating himself to pay taxes, and the bond providing that, in the event of nonpayment of purchase price, Mealing would be discharged from all liability to execute the deed, or, at his option, might

enforce the payment of the purchase money. On May 16, 1912, Rosenthal executed to the National Bank of Augusta a transfer or assignment of all his right, title, and interest in and under the bond; this assignment being indorsed thereon. On July 25, 1912, the National Bank of Augusta, in consideration of the payment by the Georgia Railroad Bank of the indebtedness of Rosenthal to the National Bank of Augusta, joined by Rosenthal, "to secure the Georgia Railroad Bank in the repayment of the sum so advanced for his benefit, as well as for the purpose of securing any and all other indebtedness he may at any time owe to the said Georgia Railroad Bank," assigned to that bank all the right, title, and interest of the National Bank of Augusta and of Rosenthal in the bond for title.

[1] Under the laws of the state of South Carolina:

"All deeds of conveyance of lands, tenements or hereditaments, either in fee simple or for life; all deeds of trust or instruments in writing, conveying either real or personal estate, and creating a trust or trusts in regard to such property, or charging or encumbering the same; all mortgages or instruments in writing in the nature of a mortgage of any property, real or personal, * * * shall be valid so as to affect from the time of such delivery or execution the rights of subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for valuable consideration without notice, only when recorded within ten days from the time of such delivery or execution in the office of the register of mesne conveyances or clerk of court of the county where the property affected thereby is situated in the case of real estate, and in the case of personal property of the county where the owner of said property resides." Civ. Code 1912, § 3542.

In order to become effective against a subsequent creditor, all instruments in writing charging or incumbering real or personal estate, or in the nature of a mortgage of any property, real or personal, must be recorded within ten days in the proper county office. Whether or not the bond for title was properly recorded is unimportant, so far as this controversy is concerned. The assignment to the National Bank of Augusta was not so proved or acknowledged as to entitle it to record; and this is also true of the instrument executed by the National Bank of Augusta and Rosenthal to the Georgia Railroad Bank.

If the latter instrument is an instrument in the nature of a mortgage, or if it charged or incumbered any personal or real estate, and if it was not, within the 10 days provided by law, properly recorded in Aiken county, S. C., it is ineffective as to subsequent creditors of Rosenthal. The circumstance that it was actually transcribed in the records of the county in no way affects the legal proposition involved. If the parties at interest had actually seen the record of the instrument, they would have been put upon notice of its existence; but the constructive notice resulting from the record of an instrument follows only when it is entitled to record.

[2] The only question which seems then to arise is whether or not the instrument executed by the National Bank of Augusta and by A. Rosenthal was "an instrument in the nature of a mortgage," or "charged or incumbered" real or personal estate. The instrument declares its purpose and effect. It recites:

"And the said Adolph Rosenthal, in consideration of the payment of said indebtedness, and to better secure the Georgia Railroad Bank the repayment

of the sum so advanced for his benefit, as well as for the purpose of securing any and all other indebtedness he may at any time owe to said Georgia Railroad Bank, hereby transfers all the right, title, and interest * * * of said Adolph Rosenthal in and to a certain bond hereto attached."

The bond attached was a bond for title describing the land to be conveyed. The purpose of the instrument is made perfectly clear by its terms. The transfer of the rights of Rosenthal is effected, but it is for a specific purpose indicated; that is, to secure the Georgia Railroad Bank in the payment of his indebtedness to the bank. The legal effect of a payment of the indebtedness is to replace in Rosenthal his interest in the land incumbered. A legal consequence of a failure on the part of Rosenthal to pay the indebtedness is the right of the Georgia Railroad Bank to foreclose the lien on the land created by the instrument executed by the National Bank of Augusta and by Rosenthal. The instrument is in the nature of a mortgage, because it is the conveyance of an interest in land for the purpose of securing a debt, because the payment of the debt will replace the title, and because, in case of a failure to pay the debt, the transferee will have all the rights of a mortgagee. It is hard to conceive an instrument, not in fact a mortgage, being more "in the nature of a mortgage" than the one under consideration. It also, of course, charges and incumbers the land.

It is insisted by petitioner that the conclusion reached is in conflict with the ruling in Re Floyd & Hayes (D. C.) 225 Fed. 262. In that case the question was whether or not certain assignments of notes, mortgages, and open accounts by Floyd & Hayes to the American Agricultural Chemical Company should have been recorded to enable the Chemical Company to claim the proceeds thereof against the trustee in bankruptcy of Floyd & Hayes. The referee held that it was not necessary, under the laws of South Carolina, to record assignments of notes and mortgages, and the claim of the Chemical Company was sustained. He held, however, that transfers of open accounts should have been recorded, predicating his decision upon Townsend v. Ashepoo Fertilizer Co., 212 Fed. 97, 128 C. C. A. 613. In disposing of the case the District Court said that the decision would depend upon the question whether the ruling of the Supreme Court of South Carolina in Bank v. Greenville, or the decision of the Circuit Court of Appeals of the Fourth Circuit in Townsend v. Ashepoo Fertilizer Co. is held to be controlling. The District Court thereupon decided that, unless some federal question was involved, the interpretation placed upon the state statute by the highest state court would be binding upon the federal courts, and finally held that under the recording act, as interpreted by the Supreme Court of that state, reservations of title of notes and accounts taken in payment of personal property in which title was reserved until sale to a third person, and assignments of choses in action, were not required to be recorded to be valid against subsequent creditors. This ruling was affirmed by the Circuit Court of Appeals for the Fourth Circuit in Ward v. American Agricultural Chemical Co., 232 Fed. 119, 146 C. C. A. 311.

We do not reach a conclusion in conflict with the decision in Ward v. American Agricultural Chemical Co. Neither a reservation of title nor the assignment of a chose in action is involved. By the execu-

tion of the bond for title, Rosenthal acquired an interest in and an equitable title to land. Certainly this was the case when he took possession and began to exercise other rights and began to discharge duties of ownership. This real property was a proper subject for a mortgage, and the owner executed that which could properly be called a mortgage, and which was certainly in the "nature" of a mortgage. The instrument was also "an instrument in writing" "charging or incumbering" "real or personal estate."

The preference of the Georgia Railroad Bank is properly rejected. The judgment is affirmed.