[Civil No. 2566.   Filed April 18, 1927.]

[255 Pac. 486.]

EUGENE REDEWILL, also Known as GENE REDEWILL, Appellant, v. MARGARET MATZENAUER, Appellee.

Mr. Will E. Ryan, for Appellant.

Messrs. Anderson & Gale and Mr. Henry H. Miller, for Appellee.

ROSS, C. J.—On the twenty-third day of March, 1925, the plaintiff, Margaret Matzenauer, and the defendant, Eugene Redewill, entered into a written contract, under the terms of which plaintiff agreed to come to Phoenix and give a song recital, in consideration of which the defendant agreed to pay her the sum of $1,250. The recital contracted for took place on January 28, 1926, and, the defendant failing to pay the agreed price, this suit was brought.

The parts of the agreement material to the questions involved in the suit are as follows:

" . . . It is hereby agreed: The said Margaret Matzenauer will give her artistic services for recital to be given about the 1st day of February, 1926, in the city of Phoenix, Arizona, at ——. . . .

"The said party of the second part, for and in consideration of the artistic services of Margaret Matzenauer, agrees to pay on demand on the day of the aforesaid performances to Margaret Matzenauer, or her acknowledged representative, the sum of twelve hundred fifty dollars ($1250.00) in United States currency, certified check or draft on New York Bank.

"The said party of the second part will also, when required by concert management, print words of songs or program notes as furnished by concert management. . . .

"It is agreed that there are no inducements to this agreement, or understandings between the parties except as set forth in this instrument, which embodies completely the contract of the parties to date on the subject of the above engagement; and, further, that

any modification or abrogation of or supplement to this agreement shall be by formal instrument executed by both parties.''

In his answer to the complaint defendant admitted the contract, but, by way of avoidance, alleged that thereafter one Joseph Conlon agreed with him to assume the fulfillment of said contract, of which plaintiff was advised before she had done any act of performance, and that plaintiff thereafter dealt with Conlon as the sole person liable on the contract and gave the song recital in recognition thereof, or under some new or independent agreement to which he was not a party and the terms of which were unknown to him. The answer also alleges on information and belief that, under the terms of the contract, other musical artists were to appear at the song recital; that the recital did not follow the advertised program, and by reason thereof there was a failure of consideration. The answer contained a general denial.

The case was tried before the court with a jury and resulted in a verdict and judgment in favor of plaintiff, from which and an order overruling a motion for a new trial defendant has appealed.

The defendant does not question the finality of the jury's verdict on the facts, but complains of the court's directions as to the law of the case, and of the failure by the court to give some of his requests to the jury.

It will be noted that the major issue as made by the pleadings was whether there was a novation of the contract sued on. However, before taking up that proposition, we think it well to dispose of the issue of failure of consideration as presented by the answer.

The contract provides that no change or modification of it can be made except in writing, signed by both parties. The answer pleads no change or modification, but sets out that other musical artists were to

appear at the song recital. This, of course, would be a modification or change and the pleader does not undertake to suggest how or when such modification or change took place. The plain terms of the contract bound the defendant to pay the plaintiff for her "artistic services," for one evening, the sum of $1,250. It is not disputed the plaintiff rendered such services. This is admitted by the answer, and it is also admitted that she has not been paid therefor. The defendant makes much of the fact that, some time before the concert, programs of the recital issued with the name of another artist thereon, who did not appear at the recital given. The plaintiff, having performed the contract as written, was entitled to be paid by somebody the compensation agreed upon. If, after the contract was entered into, she caused or permitted the name of another artist to be advertised to appear on the program, it was purely voluntary on her part and without any consideration, and the failure of such other party to appear would be no defense against her claim.

We revert now to the only question in the case, as we see it. Conlon could, by agreement of plaintiff, have been substituted for the defendant. If she either expressly or impliedly accepted him and his promise, in lieu of the defendant and his promise, the liability to pay the $1,250 is Conlon's. Conlon's agreement with the defendant to take over the contract and discharge its obligations to the plaintiff is not enough unless the plaintiff also acquiesced in the substitution. The defendant, under the law, cannot evade his solemn contract with the plaintiff by entering into an agreement with Conlon that the latter would do what the defendant had agreed to do, unless the plaintiff consent thereto. In other words, there cannot be a substitution of debtors by an agreement between them to that effect without also the consent of the creditor.

The instructions upon this question, and which are made the basis of defendant's assignments of error Nos. 1, 2 and 3, were, in substance, that the jury must find that there was a new and valid contract between all the parties, and that it extinguished the original contract; that it was not enough that the plaintiff knew that Conlon had agreed to pay for her services unless she expressly or impliedly agreed with the defendant to release defendant; that to constitute a novation by substitution of creditors or debtors there must be a mutual agreement among three or more of the parties, whereby the debtor and the original creditor agree that a new party may be substituted as the debtor for the original debtor.

These instructions are criticised, but it seems to us that they fairly state the law. *Steinfeld* v. *Wing Wong,* 14 Ariz. 336, 128 Pac. 354; *Goetz Brewing Co.* v. *Waln,* 92 Neb. 614, Ann. Cas. 1914A 336, 139 N. W. 230.

In *Dunbar* v. *Steiert,* 31 Ariz. 403, 253 Pac. 1113, we stated the rule of novation as follows:

"In every novation there are four essential requisites. A previous valid obligation; the agreement of all the parties to the new contract; the extinguishment of the old contract; and the validity of the new one."

The defendant's answer does not allege facts sufficient to make out a novation of the original contract, in that it fails to allege that plaintiff ever agreed to accept Conlon in lieu of the defendant as the obligor of the contract. It was not sufficient that she knew defendant had transferred the contract to Conlon, and that he had undertaken its performance. The consent of the plaintiff to accept Conlon's undertaking and to release defendant from his obligation should have been alleged. The case, however, was

tried upon the theory that the plea of novation was good, and evidence *pro* and *con* was introduced; and the jury, whose verdict is binding upon the court, found the issue in favor of the plaintiff.

There are several assignments of error directed at other instructions that were given. We have read the whole instructions, those complained of as well as those not notibed, and it seems to us that, on the whole, they were very fair to the defendant. The instructions asked for and refused were covered by the court's instructions, or else they were properly refused as being inapplicable to the facts and the issues of the case.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.