29865. LEVERETTE v. HARMONY.

DECIDED MARCH 19, 1943.

*D. D. Veal,* for plaintiff in error.   *M. F. Adams,* contra.

MacIntyre, J.   We will hereinafter refer to the plaintiff Harmony as A, the defendant Leverette as B, and Leverette's Incorporated as C.

The defendant B, having solemnly and deliberately agreed in writing not to make this particular defense of failure of consideration unless written notice thereof was given within ten days from the date of the conditional bill of sale, and having given no good reason in his plea why the notice he had stipulated to give was not given within the time stated, it follows that the defense as set out in his plea was not good.   *Pritchard* v. *Johnson,* 60 *Ga.* 288, 291.

In considering B's answer, if it could be said that C assumed the balance of the debt due under the contract, it does not definitely and directly say that A released B and substituted C. Thus, there being in the answer no simple direct statement that A agreed to release B, the original debtor, and substitute C, a new debtor, the mere allegation of such evidentiary facts as that B assigned all his interest in "said purchase contract and the property described therein," that C assumed the balance due under the contract, and that A allowed C to pay him $1000 on January 1, 1941, and at least one interest payment of $72 about the same time, and by accepting these payments consented to said assignment and ratified same, would not demand an inference that A ever agreed to release B and substitute C.   "The mere assumption of a debt by a third party is not sufficient [to establish novation], but it is essential that an intention to release the first obligor and extinguish his liability should definitely appear; otherwise the assumption of debt by a third party will be presumed to be merely additional se-

130

curity. These principles are elementary." Fidelity-Philadelphia Co. v. Hale & Kilburn Cor., 24 Fed. Supp. 3, 9. Under the rules of pleading as stated in *Bivins* v. *Tucker,* 41 *Ga. App.* 771, 774 (154 S. E. 820), and *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 53 (59 S. E. 338), when the pleading, as here, is questioned by demurrer, the evidentiary facts pleaded must demand an inference of the ultimate fact that there was a novation by substitution of debtors, and that there was a mutual agreement among all the parties whereby the debtor and original creditor agreed that a new debtor be substituted and the old debtor be discharged. Wallace *v.* Axtell, 5 Colo. App. 432 (39 Pac. 594) ; Redewill *v.* Matzenauer, 32 Ariz. 13 (255 Pac. 486) ; *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798 (51 S. E. 714). The plea does not meet these requirements.

B's contention, as pleaded, that A had released B and substituted C in his place, because A had filed his claim under the conditional-sale contract in the bankruptcy proceeding of C, was without merit, for A had a right to file his conditional-sale contract in the bankruptcy court, to recover the property or its equivalent for his protection, as well as for the protection of B. When A filed a claim against C, a second debtor, in a bankruptcy proceeding of C, in order to protect himself and a first debtor, B, and the claim was not allowed as a secured claim, because it was unrecorded as required by the Code, §§ 67-108, 67-1403, but was allowed as an unsecured claim, and he shared along with the other general creditors, and credited the amount so received from the bankruptcy proceedings on the debt of B, A did not waive his right to proceed in a court of competent jurisdiction to collect the balance due him by B. *Hines* v. *Rutherford,* 67 *Ga.* 606 ; In re Loden, 184 Fed. 965; In re Braselton, 169 Fed. 960; Elston *v.* Rusch, 250 Mich. 221 (229 N. W. 503) ; In re Rosenthal, 238 Fed. 597; Georgia Railroad Bank *v.* Kopel, 246 Fed. 390.

The judge did not err in sustaining the motion to strike the plea and answer when such motion was in the nature of a general demurrer, and subsequently in entering judgment against the defendant.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*