38231. LAND *et al.* v. SHARPE.

FRANKUM, Judge. 1. Where the pleadings of a suit on a note allege that the note was given jointly with a conditional bill of sale conveying the title of certain personalty, which bill of sale contained the following provision, ". . . grantees will

have the right to sell their equity at any time as long as the said indebtedness of the notes is in good standing, without the permission of the grantors, and the new purchaser would assume the loan as stated above," the trial court did not err in sustaining a general demurrer to the plea and answer of the defendants which alleged that at a time when all payments were current, the defendants sold their interest in the property as described in the bill of sale to Ruth Delaney and that the plaintiff purchased the note and bill of sale after actual notice to the plaintiff's predecessor in title of such sale. Assuming but not deciding that the above contract provision would operate to release the defendants' indebtedness on the sale and transfer of their equitable interest, two conditions precedent must occur, i.e., the notes must be current, and the purchaser must agree to assume the indebtedness. There is no contention made by the plea and answer of the defendants that the new purchaser Delaney assumed the indebtedness. The plea and answer fails to set forth a legal defense. Should the provision not be construed as a release of the defendants upon completion of the conditions precedent as above stated, the plea and answer would still be insufficient to set forth a defense. It is an attempt to plead novation by pleading substitution of a third party as the debtor. *Leverette* v. *Harmony*, 69 *Ga. App.* 126 (24 S. E. 2d 856).

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED MAY 11, 1960.

*Scott Walters, Jr.,* for plaintiffs in error.
*James F. Cox,* contra.