10311. McIntosh Land & Timber Company *v.* Middleton.

Stephens, J. 1. A written agreement between two persons, which provides that, in consideration of a certain sum having been paid by the promisee to the promisor, the latter obligates himself to perform certain promises and undertakings stipulated therein, constitutes a valid contract, provided such promises and undertakings are sufficiently certain and definite to render them capable of performance.

2. Where such a contract, dated 25th day of January, 1917, and entered into and executed by both parties, provides that the promisee, called therein the party of the first part, is to furnish timber from certain lands described as "The Thicket," to the promisor, called therein the party of the second part, and that "the party of the second part is to cut all timber into lumber and load on cars" at a certain stipulated price per thousand, and of certain dimensions, that "the party of the second part also agrees to cut and furnish to the party of the first part 10,000 cross-ties" by a certain date mentioned, and of certain dimensions specifically set out, and for which "the party of the first part agrees to pay to the said party of the second part 25c. per tie," that for "all ties cut on other lands the party of the first part agrees to to pay the market price to the said party of the second part," that "all ties cut from the party of the first part is to be loaded" at a certain named price per tie, that "all ties cut on lands not belonging to the party of the first part is to be loaded on cars at the market price delivered in Brunswick," and that "the party of the second part agrees to have a mill in operation to cut said timber not later than 20 days from the date of the contract," and "to cut not less than 100,000 feet of lumber per month from date of said contract," such contract sets out promises and undertakings of the party of the second part sufficiently certain and definite to be capable of enforcement. A description of the lands from which is to be furnished the timber which that party agrees to cut into lumber, by designating them as "The Thicket," is sufficiently definite and certain by way of identification of the timber. While the contract is indefinite as to the amount of timber to be thus furnished, this is not material to the definiteness of the promises and undertakings on the part of the second part. The promise and undertaking to cut not less than a certain number of feet of lumber per month from the timber upon such definitely ascertained premises, and also to furnish by a certain time a stipulated number of cross-ties, whether from such timber furnished by the party of the first part, or from timber obtained by the other party from other lands, constitute promises and undertakings sufficiently certain and definite to be capable of ascertainment and enforcement.

3. In a suit upon such a contract by the promisee against the promisor, the petition alleging that the lands of the former, from which the promisee was to furnish lumber, contained approximately two million feet of timber, which fact the defendant knew, and from which timber the defendant could have cut and furnished to the plaintiff lumber under the terms of the contract, and that the defendant failed to cut and furnish to petitioner the cross-ties contracted for, that the plaintiff

performed all of its obligations under the contract, and that, by reason of the breaches by the defendant as set out, the latter damaged the plaintiff in a certain sum prayed for, a cause of action was set out, and the petition was good against the general and special demurrers interposed.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1920.

Action on contract; from city court of Darien—Judge Tyson. December 9, 1918.

*Edwin A. Cohen,* for plaintiff in error.

*W. B. Stubbs,* contra.