### 21514. WEEKS *v.* FERRIS.

STEPHENS, J. 1. A contract by which one of the parties agrees with the other to assume payment of the latter's indebtedness to a third person gives no right of action at law to the third person to recover against the party contracting with the other party to assume the debt. *Guthrie* v. *Atlantic Coast Line Railroad Co.,* 119 *Ga.* 663 (46 S. E. 824); *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245). The petition in a suit by the third person against the party who obligated himself to the other party to such a contract to pay the debt to the plaintiff, set out no cause of action against the defendant.

2. A subsequent contract between the third person and his debtor (the obligee in the former contract), by which the latter was released from his obligation to pay and the former accepted the other party to the first contract as his debtor by substitution, and also a contract between the third person and the substituted debtor whereby the latter agreed with the third person to pay the substituted debt, constituted separate and distinct contracts from the contract executed referred to in paragraph 1 above. Where a suit was brought by the third person, who was a stranger to the first contract, against the obligor under that contract, an amendment to the petition which sets out the other two contracts and sought to recover thereon, set out a new and distinct cause of action, and it was error for the court, over objection upon this ground, to allow the amendment.

3. The court erred in overruling the demurrer to the original petition and in allowing the amendment to the petition. The subsequent proceedings, which resulted in a verdict and judgment for the plaintiff, were nugatory.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 18, 1932.

*Hammond & Kennedy,* for plaintiff in error.
*Thomas L. Hill,* contra.