31612. SMITH *v.* COWART.

DECIDED JUNE 7, 1947.

270

*Howell Brooke,* for plaintiff in error. *Wood & Tallant,* contra.

GARDNER, J. ■ (a) In our opinion the contract between the parties in this case was one for services. It did not involve the title to timber, nor the title to land. It will be further observed from the allegations of the petition that after one of the partners, the plaintiff, sold his interest in the sawmill to the other partner, the defendant, it was agreed between them that when the timber had been cut on the Chester place, where the sawmill was then located, the sawmill was to be moved by the defendant "to the

home place and lands of James O. Smith, and cut, log and saw a boundary of timber for the said James O. Smith, for which the said Clifford H. Cowart is to receive $22 per thousand feet for cutting, logging, and sawing and converting said timber into lumber throwed over the skid poles. . ." The petition alleges that thereafter the defendant sold the sawmill to one Mitchell, whom the defendant claimed he had procured to perform the contract with the plaintiff. After the milling was completed on the Chester place, the sawmill was caused to be moved by the defendant to the home place and lands of the plaintiff. 94,000 feet of the timber was cut at the contract price of $22 per thousand on behalf of the defendant, and paid for by the plaintiff. Thereafter, the petition alleges that the defendant refused to cut the remainder of the "boundary of timber" on "the home place and lands of James O. Smith." We think this suit is for damages for the breach of a simple contract and does not involve the sale of timber which would involve the title. And we are further of the opinion that the description, in view of all the allegations of the petition and the terms of the contract between the parties, is sufficient to set out a cause of action. It would seem that there was no question as to the definiteness of the description when the defendant procured the sawmill to be moved upon the lands of the plaintiff and cut 94,000 feet of timber therefrom. And further it appears that after the price for cutting the timber was raised from $22 per thousand to $28 per thousand, there was no difficulty because of indefiniteness of description to locate and cut the remainder of 174,000 feet of the timber. This court held in the case of *McIntosh Land & Timber Company* v. *Middleton, 24 Ga. App.* 719 (102 S. E. 171), in a situation similar to the one here, under a simple contract, that "a description of the lands from which is to be furnished the timber which that party agrees to cut into lumber, by designating them as 'The Thicket' is sufficiently definite and certain by way of identification of the timber." See also, in this connection, *Pope* v. *Barnett, 50 Ga. App.* 199 (2) (177 S. E. 358).

It is contended here that the contract involved is unenforcible for the further reason that no time is specified within which the timber of the plaintiff is to be cut. In such a situation, the law would imply a reasonable time within which to perform the

contract. *Ray* v. *Hutchinson,* 27 *Ga. App.* 448 (108 S. E. 815). In *Moxley* v. *Adams,* 190 *Ga.* 164 (3-a) (8 S. E. 2d, 525), the Supreme Court said: "In the absence of any express provision, limiting the time within which the grantee of the right of soil removal should exercise that right, the parties must be held to have intended a reasonable time under all the facts and circumstances as shown by the lease and option instrument and the purposes for which the instrument was executed and the soil was to be used."

Counsel for the defendant in error cite a number of cases to sustain his contention that the court correctly dismissed the petition in the instant case on demurrer. Among them are: *Kimbrell* v. *Thomas,* 139 *Ga.* 146 (76 S. E. 1024); *Clarke* v. *Stowe,* 132 *Ga.* 621 (64 S. E. 786); *Sarmon* v. *Liles,* 150 *Ga.* 338 (103 S. E. 797); *Holt* v. *Tate,* 193 *Ga.* 256 (18 S. E. 2d, 12). There are also a number of other cases cited, all of which involved similar, if not identical questions to those which we have cited. Each of the cases cited on behalf of the defendant involves the title to land or timber. The principles therein elucidated are not applicable to the facts in the instant case. Thus far we have dealt only with grounds 1 and 2 of the demurrer which attacked the description of the property involved for indefiniteness, and the time within which the contract was to be performed.

(b) We think a comparison of the other grounds of the demurrer with the allegations of the petition itself will reveal them to be without merit.

The court erred in sustaining the demurrers to the petition and in dismissing it.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*