## 32185. COWART *v.* SMITH.

DECIDED DECEMBER 3, 1948.

*Wood & Tallant,* for plaintiff in error.

*Howell Brooke,* contra.

MacIntyre, P. J. The instant case was first before this court at the April term, 1947. *Smith* v. *Cowart,* 75 *Ga. App.* 268 (43 S. E. 2d, 196). We there reversed the judgment of the trial court, in which the demurrer of the defendant, Clifford H. Cowart, to the petition of the plaintiff, James O. Smith, was sustained. The case was remanded to the trial court, and verdict and judgment were had for the plaintiff upon the trial. The defendant made a motion for a new trial on the general and one special ground, and the motion was overruled. This judgment of the trial court is now here for review upon the defendant's exceptions thereto.

In brief, the petition of the plaintiff Smith alleged that he and the defendant were co-owners of a portable sawmill; that the plaintiff sold his half interest in the sawmill to the defendant, a part of the consideration for the sale being the contract of the defendant to move the sawmill upon the "home place" of the plaintiff and "cut, log and saw" a "boundary of timber," including converting the same into lumber, "throwed over the skid poles," at a price of $22 per thousand feet; that the defendant sold the sawmill to Joe Mitchell and caused Mitchell to move the mill upon the plaintiff's place and undertake to carry out the contract; that, after Mitchell sawed 94,000 feet at the price of $22 per thousand, he refused to saw any more timber for a price less than $28 and threatened to move the mill off the plaintiff's place; that the plaintiff went to the defendant and demanded that the contract be executed according to its terms, to which the defendant replied that he was through with the transaction and that, if the plaintiff wanted the timber sawed, he could make his own arrangements; that the plaintiff contacted other sawmillers and could obtain no better price than $28 per thousand, which was a reasonable price; that the plaintiff thereupon arranged with Mitchell to have the balance of the timber cut at the said $28 per thousand; and that the plaintiff had been damaged in the amount of $6 per thousand, for the balance of

the timber cut, by the refusal of the defendant to carry out the terms of the contract.

In his answer the defendant Cowart admitted the execution of the agreement with the plaintiff, and alleged that part of the consideration of the sale of the sawmill to Mitchell was the agreement of Mitchell to assume the defendant's obligation under the contract; that Mitchell employed the plaintiff to cut and log the timber for him; that the cause for Mitchell's refusal to complete the contract was that at least 10 percent of the timber cut by the plaintiff was less than eight inches in diameter, contrary to the custom which was merged into the terms of the contract, such small timber being impractical to saw for stated reasons; that the plaintiff told Mitchell that, unless Mitchell continued to saw them regardless of size, he would employ someone else to saw them and collect the difference from the defendant; that the plaintiff came to the defendant and demanded of him to make other provisions for the sawing of the timber into lumber, which the defendant refused because he had a contract with Mitchell as long as Mitchell kept his sawmill on the plaintiff's premises, but that he, the defendant, told the plaintiff that, if Mitchell moved his sawmill away, then he would make other arrangements to have the timber manufactured into lumber; that thereupon the plaintiff went back and contracted with Mitchell to saw the balance of the timber at $28 per thousand and agreed with Mitchell that no more logs measuring less than eight inches in diameter would be cut; that the plaintiff had purposely cut trees smaller than eight inches in diameter so that Mitchell would refuse to carry out the terms of the contract and so that the plaintiff could claim damages from the defendant; that such action on the part of the plaintiff amounted to a breach of the contract, which gave Mitchell, as transferee of the contract, the right to refuse to carry out its terms; and that the defendant was not liable for whatever subsequent contract was made between the plaintiff and Mitchell.

The testimony of the plaintiff substantially conformed to the allegations of the petition, and he further testified: that Mitchell had hired him to cut and log the timber for $6 per thousand, but that he had cut no logs less than eight inches in diameter;

that he knew that Cowart, the defendant, had assigned the contract to Mitchell at the time Mitchell moved the sawmill onto his premises; and that Mitchell had never complained of the timber being too small, but that Mitchell had said that he quit because he could not make anything at $22. Roy Cook, an employee of the plaintiff, testified that Mitchell said that the reason he was going to quit was that the timber, which was being cut, was so small that he couldn't make anything sawing it at $22 per thousand; and that, while the timber which they cut was small, none of it was below eight inches in diameter unless it was a small tree that had been broken down by a large fallen tree.

Joe Mitchell testified for the defendant: that he assumed the obligations of the defendant's contract and hired the plaintiff to cut the logs; that Smith, the plaintiff, was cutting logs so small that some of them would not make a two-by-four-inch piece of lumber, that he [Mitchell] told Smith that he [Smith] would have to stop cutting this size timber or he was not going to continue the sawing of the same at $22 per thousand; that they [he and Smith, the plaintiff] went to see Cowart [the defendant] together, and a few days later Smith agreed for him to saw the timber at $28 per thousand; that the general rule as to the size of timber to be cut when none was specified in a contract was that the timber should be a minimum of eight inches in diameter one foot above the ground; and that some of the logs cut by Smith were not more than four inches in diameter. Jack Gorhley affirmed the testimony of Mitchell as to the general rule in respect to the size of timber to be cut when no size was specified in the contract, stating that it would be a waste of time and timber to cut logs smaller than eight inches in diameter.

■ In the special ground of the amendment to his motion for a new trial, the defendant complains that he introduced evidence as to the conduct of the plaintiff, showing that, after the said Joe Mitchell assumed the original written contract between the plaintiff and the defendant, the plaintiff by his conduct ratified and consented for Mitchell to comply with the original contract, and by his acts and conduct and dealings with Mitchell released the defendant from the original contract; and that the court

erred in failing to charge the jury "that, if the said James O. Smith, by his conduct and dealings with the said Joe Mitchell . . did ratify the transfer of the same . . it would amount to a release of the movant from his obligations under said contract."

"One simple contract as to the same matter, and on no new consideration, does not destroy another between the same parties; but if new parties are introduced by novation, so as to change the person to whom the obligation is due, the original contract is at an end." Code, § 20-115. " 'In every novation there are four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. If these essentials, or any one of them, are wanting, there can be no novation.' " *Savannah Bank & Trust Co.* v. *Wolff*, 191 *Ga.* 111, 120 (11 S. E. 2d, 766). " 'To constitute a novation by which the original debtor is released, the creditor being bound thereby to discharge the debt as to him and look to another for the payment of his demand, it is essential that a contract be made between the new debtor and the creditor by which the claim can be enforced against the new debtor.' *Smith* v. *Missouri State Life Ins. Co.*, 45 *Ga. App.* 383 (165 S. E. 168). 'In order, therefore, to take such a transaction without the operation of the statute of frauds, it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, who was released from the promise. In other words, it must be shown that the person substituted as the debtor in the place of the person released became such as the result of an agreement in which all three concurred.' *Palmetto Mfg. Co.* v. *Parker*, 123 *Ga.* 798, 800 (51 S. E. 714)." *Federal Deposit Ins. Corp.* v. *Thompson*, 54 *Ga. App.* 611, 616 (188 S. E. 737). " 'The mere assumption of a debt by a third party is not sufficient [to establish novation], but it is essential that an intention to release the first obligor and extinguish his liability should definitely appear; otherwise the assumpton of debt by a third party will be presumed to be merely additional security.' . . Fidelity-Philadelphia Co. *v.* Hale & Kilburn Corp., 24 Fed. Supp. 3, 9." *Leverette* v. *Harmony*, 69 *Ga. App.* 126, 129 (24 S. E. 2d, 856). We also held in *Leverette* v.

*Harmony,* supra, that mere acceptance by the obligee of performance by the assignee, or substituted obligor, of the contract is not sufficient to establish novation in the absence of words or conduct tending to show an intention or agreement on the part of the obligee to release the original obligor and extinguish his liability. See also *Anderson* v. *Whitehead,* 55 *Ga.* 277; *Weeks* v. *Ferris,* 44 *Ga. App.* 605 (162 S. E. 293); *Atlanta Oil &c. Co.* v. *Phosphate Mining Co.,* 25 *Ga. App.* 430 (103 S. E. 873); *Scott* v. *Ward,* 22 *Ga. App.* 680, 683 (97 S. E. 207); *Few* v. *Hilsman,* 18 *Ga. App.* 207 (1) (89 S. E. 79). The cases cited by the defendant in his brief, in regard to the ratification by a principal of the acts of his agent, have no application under the facts here appearing.

There being no evidence whatever which tends to show an intention or agreement on the part of the plaintiff to release the defendant and extinguish his liability, the court did not err in failing to charge upon this issue; and the special ground is not meritorious. See *Callaway* v. *Kerr Glass Mfg. Co.,* 44 *Ga. App.* 576 (2) (162 S. E. 307).

■ The evidence upon the question of whether the plaintiff breached the contract by cutting timber less than eight inches in diameter was conflicting, as is shown by the statement of facts hereto, and the other contentions of the defendant hinged upon this issue. The jury apparently found as alleged by the plaintiff, and we cannot say, as a matter of law, that the evidence did not authorize them so to do.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Gardner and Townsend, JJ., concur.*