33932.   MILLER-TERRELL  INCORPORATED  *v.*
STROTHER  *et al.*

Decided February 28, 1952—Rehearing denied March 27, 1952.

764

Ralph R. Quillian, for plaintiff.

Moreton Rolleston Jr., MacDougald, Troutman, Sams & Schroder, Lokey & Bowden, for defendants.

FELTON, J. The plaintiff based its cause of action on the agreement with Simmons which it alleged the defendants "ratified." It alleged that the defendants were substituted for Simmons in the agreement. In substance it alleged a novation of the contract and is therefore governed by the law of novation. There are four essential elements of a novation: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. Savannah Bank & Trust Co. v. Wolff, 191 Ga. 111, 120 (11 S. E. 2d, 766); Cowart v. Smith, 78 Ga. App. 194, 198 (50 S. E. 2d, 863). While we do not think that the petition showed requirement (3) above, we will concern ourselves with requirement (2). The petition alleged: "10. Thereafter, and prior to December 29, 1950, the said Simmons advised plaintiff that he desired to transfer all of his right, title, and interest in and to said project to Strother-Barge Company, the defendant herein, but that said Strother-Barge Company had been notified by the said Simmons, as well as his representative, of the existing agreement with plaintiff with respect to the permanent mortgage and the insurance on said project, and that said Strother-Barge Company would accept such agreement as successor sponsors to the said Simmons and abide by the terms thereof. 11. This fact was confirmed by plaintiff with Mr. Moreton Rolleston Jr., attorney for Strother-Barge Company. . ." Paragraph 10 of the petition did not allege an agreement by the defendants to assume Simmons' obligations under his contract with the plaintiff. And if the plaintiff contends that the "fact" confirmed by the defendants' attorney constituted a novation of the agreement, the contention is without merit. Nowhere is it alleged that the attorney had such authority. The plaintiff alleged that the defendants ratified the agreement with Simmons by a letter. The substantial part of that letter was as follows: "We do hereby agree that you shall have the right to sell the permanent loan for the above project and to receive any premium which might be paid by your purchaser for the loan, provided that you shall procure for the Trust Company of

Georgia a letter from your permanent mortgage [mortgagee] addressed to the Trust Company of Georgia in which your permanent mortgagee will give to the Trust Company of Georgia a permanent commitment to buy the loan after the completion of Seminole Court Apartments and within thirty days after the acceptance of the apartments by FHA. This letter from your permanent mortgagee must be delivered to the Trust Company of Georgia not later than January 30, 1951." There is nothing alleged in the petition to show that the plaintiff notified the defendants that it would not agree to the time limitation, other than the allegation that the plaintiff "did not and has never agreed to the attempted imposition of a time limitation by the defendants." If there was a novation alleged anywhere in the petition, it was by virtue of this letter; and, if this letter did constitute a novation of the agreement, its terms were wholly binding on all the parties concerned and the time limitation stipulated therein applied. Assuming but not deciding that the letter did constitute a novation, the plaintiff was bound to perform the service called for under the agreement by January 30, 1951. The petition showed that the plaintiff did not procure the permanent-mortgage commitment until February 2, 1951, and therefore showed that the plaintiff did not perform the service agreed upon until the agreement had expired. The petition did not show that the plaintiff's receipt of the telegram of January 10 and notice thereof to the defendants' attorney was a fulfillment of its obligation under the contract, for two reasons: first, it did not show that the attorney had such authority to receive the notice; and second, the contract provided for a letter of commitment from the permanent mortgagee addressed to the temporary mortgagee.

The petition did not allege a cause of action against the defendants, and the court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*