48985. BAGWELL et al. v. SPORTSMAN CAMPING CENTERS et al.

ARGUED JANUARY 17, 1974 — DECIDED JANUARY 30, 1974 — REHEARING DENIED FEBRUARY 15, 1974 —

*Dewberry & Avery, C. Richard Avery,* for appellants.

*Cofer, Beauchamp & Hawes, Robert S. Jones, Hinkle & Bianco, Theodore P. Bianco, James A. Hinkle,* for appellees.

DEEN, Judge. Carter and the Bagwells are in agreement that they have no factual quarrel among themselves, in that the property was purchased and paid for as between themselves, there was no misrepresentation, and Carter agreed to "assume note for the balance due on franchise." This is a situation frequently encountered in sales of personal property or real estate encumbered by secured debts, and it is well established that while the property may be sold, the grantor will continue to be the person primarily responsible thereon in the absence of an agreement by the creditor to look to the grantee for payment, but as between the grantor and grantee, the latter is primarily liable. " 'Assumption' is defined in Black's Law Dictionary as 'The act or agreement of assuming or taking upon one's self; the undertaking or adoption of a debt or obligation primarily resting upon another, as where the purchaser of real estate "assumes" a mortgage resting upon it, in which case he adopts the mortgage debt as his own and becomes personally liable for its payment.' Thus, the words 'the assumption by the grantee herein of the principal balance' may be read 'the agreement by the grantee herein to pay the principal balance.' " *Manget Foundation, Inc. v. White,* 101 Ga. App. 239, 241 (113 SE2d 235). We are satisfied after reading the transcript of evidence here that if the franchise in fact became worthless because of the destruction of the Sprite dealership there was a failure of consideration equally as to Carter and Bagwell; that only if there was such a failure of consideration as to Carter could the jury have determined he was not indebted to Bagwell under his agreement to assume the liability on the franchise note, and that if such failure of consideration existed Bagwell had the right to urge it in defense of the note obligation to Sportsman. The jury, however, found in favor of Carter and against the Bagwells on the same state of facts. The verdict is inconsistent and self contradictory. Where two verdicts simultaneously rendered by the same jury on the same evidence, the same issues, and the same

state of facts are "absolutely inconsistent with each other and manifestly based on diametrically conflicting opinions as to the credibility of the same witnesses" they must be set aside. *Anthony v. Anthony,* 103 Ga. 250 (29 SE 923).

The crucial question is not whether the inconsistent verdict arises because of contradictory findings in an action involving a third party defendant, but the fact that it is based on repugnant conclusions by the *same jury.* As stated in *White v. Hammond,* 129 Ga. App. 408 (2) (199 SE2d 809), although the two cases remain separate and distinct actions "it does not follow that the same jury can reach opposite conclusions based on the same evidence" (p. 411) and such result "breeds an inconsistency in our system that undermines its foundations through destruction of its credibility" (p. 412).

The motion for new trial should have been granted.

*Judgment reversed. Hall, P. J., and Stolz, J., concur.*