### 52877. SPORTSMAN CAMPING CENTERS OF AMERICA, INC. v. BAGWELL et al.

McMurray, Judge.

This is a suit on a note. Sportsman Camping Centers of America, Inc. sued C. Lamar Bagwell, Sr., and C. Lamar Bagwell, Jr. on an installment note of $8,000 which involves the transfer of a franchise to the Bagwells. By amendment it added a second count seeking judgment for breach of contract. The Bagwells had transferred the franchise to Philip W. Carter.

The Bagwells answered, contending the franchise was transferred to Carter and their responsibilities were satisfied and released, and therefore, there was no consideration upon which plaintiff could base its claim. Defendants Bagwell also filed a third-party complaint against their transferee Philip W. Carter.

Following a trial, verdict was returned in favor of Carter as to liability to Bagwell on the note but in favor of the plaintiff against the Bagwells on their obligation on the instrument. In *Bagwell v. Sportsman Camping Centers of America, Inc.,* 130 Ga. App. 888 (204 SE2d 794), this court found that the contradictory findings of the jury were repugnant requiring the grant of a new trial. For a further statement of the facts of this case see the above report.

Carter went into bankruptcy and the proceeding against him was stayed, and upon his discharge in bankruptcy he was dismissed as a third-party defendant.

A second trial was held, and the court directed a verdict in favor of the defendants Bagwell against the plaintiff at the conclusion of plaintiff's evidence. Plaintiff appeals the direction of the verdict and the order dismissing his action on the merits. *Held:*

1. Defendants moved to dismiss the appeal contending that the plaintiff, a foreign corporation, is suing in this state without a certificate of authority

having been obtained. See Code Ann. § 22-1421 (Ga. L. 1968, pp. 565, 722; 1969, pp. 152, 196, 197). The basis on which this motion is made is testimony in the transcript as to whether or not the plaintiff was licensed to do business in Georgia, which testimony was that it was licensed to do business at the time it was transacting business and at the time this suit was filed, but its certificate had subsequently been revoked. The motion to dismiss is denied. The case of *A. B. R. Metals & Services, Inc. v. Roach-Russell, Inc.,* 135 Ga. App. 193 (1) (217 SE2d 447) is not applicable.

2. The mere assumption of a debt by a third party is not sufficient to establish a novation of the original contract. There must be shown an intention to release the first obligor and to extinguish his liability, both of which should definitely appear; otherwise the assumption of debt by a third party will be presumed to be merely additional security. *Leverette v. Harmony,* 69 Ga. App. 126 (2) (24 SE2d 856); *Cowart v. Smith,* 78 Ga. App. 194 (1) (50 SE2d 863). Compare *Williams v. Rowe Bkg. Co.,* 205 Ga. 770 (55 SE2d 123).

After the presentation of plaintiff's case the court granted a motion for directed verdict in favor of the defendants, stating that the construction of the contract was for the court and that the plaintiff having forwarded a telegram authorizing the transfer of the franchise to Carter, this was an unequivocal permission to go ahead and sell the business or transfer it to Carter, and plaintiff is not entitled to any verdict against the original maker of the note. Apparently the court did this on the theory that it was up to the plaintiff to look to the bankrupt Carter for any damages by reason of the violation of the contract and the payment of the note. We do not construe this to be the case, even if it could be said that this was the intention of the telegram to which the court referred. The evidence is in considerable conflict as to the meaning of the various messages transferred back and forth between the plaintiff and the defendants at the time the defendants were seeking to transfer the franchise and sell the business to Carter. In all events, there are not shown by this evidence positive irrefutable facts that the plaintiff intended to look to Carter in the future for payment of the note. The

court erred in granting the motion for directed verdict. *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663).

3. Since the messages, letters and telegrams are somewhat in conflict and are ambiguous, the court erred in refusing to allow in evidence testimony of the parties concerning these instructions in sending same concerning any intention with regard to novation of the franchise agreement and promissory note. Code §§ 38-502, 20-115; *Novelty Hat Mfg. Co. v. Wiseberg,* 126 Ga. 800, 801 (55 SE 923); *Tarbutton v. Duggan,* 45 Ga. App. 31 (5, 6) (163 SE 298); *Employers Commercial Union Ins. Co. v. Wrenn,* 132 Ga. App. 287, 288 (2) (208 SE2d 124).

*Judgment reversed. Quillian, P. J., and Marshall, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 3, 1976.

*Cofer, Beauchamp & Hawes, Peter B. Glass, Charles H. Ivy,* for appellant.
*Dewberry & Avery, C. Richard Avery,* for appellees.