54500. MOTEL MANAGEMENT SYSTEMS, INC. et al. v. BILLING et al.

BIRDSONG, Judge.

The facts pertinent to the case sub judice are as follows: On September 8, 1975, Montgomery Motel Investors, through its sole general partner, Motel Management Systems, Inc., executed and delivered to J. H. Billing a promissory note in the amount of $47,200, with an interest rate of 8% and due on demand. The note was guaranteed by Imperial Group, Ltd. There is no issue as to appellant's execution of the note or receipt of the money. Appellee, J. H. Billing, demanded payment on the note on or about July 23, 1976. Appellant contends that it is not indebted to the appellee by virtue of a mutual limited release and an assumption and indemnity agreement.

Appellee, J. H. Billing, filed a motion for summary judgment against Motel Management Systems, and the trial court granted the motion for summary judgment in the amount of $49,591.41. Appellant contends that the

grant of summary judgment was error. *Held:*

1. The contention of the appellant is without merit. A joint and mutual release dated August 8, 1976, was executed between appellee J. H. Billing and the guarantor, Imperial Group Ltd. Appellant Motel Management Systems was not a party to this release, and could not, therefore, claim that it was thereunder relieved of its liability to appellee. In order for Motel Management Systems to be released, there must be clearly shown both the intention of the creditor to release the first obligor as well as the extinguishment of his liability. *Leverette v. Harmony,* 69 Ga. App. 126 (2) (24 SE2d 856); *Cowart v. Smith,* 78 Ga. App. 194 (1) (50 SE2d 863); *Sportsman Camping Centers of America v. Bagwell,* 140 Ga. App. 312, 314 (2) (231 SE2d 118). No such evidence was presented here.

Appellants' further contention that an assumption and indemnity agreement entered into by Murdock Properties, a third party not previously involved in the loan agreement, whereby Murdock agreed to pay the note of September 8, 1975, from Montgomery Motel Investors Ltd. to J. H. Billing, acted as a release as to Motel Management Systems is also without merit. At no point in the record is it shown that this agreement was acquiesced in by J. H. Billing. Unless the creditor, Billing, who was not a party to the agreement, expressly released the original obligor, he is not bound by any such agreement and may hold the original obligor for the debt; furthermore, there is no evidence in this record that appellee Billing ever ratified the assumption and indemnity agreement signed by Murdock Properties. For the doctrine of ratification to be applicable in this case, it must appear that Murdock acted for Billing with authority from Billing. *Swicord v. Waxelbaum,* 23 Ga. App. 297 (98 SE 891); *Fla. M. & G. R. Co. v. Varnedoe,* 81 Ga. 175 (7) (7 SE 129); *Greene v. Golucke,* 202 Ga. 494 (2) (43 SE2d 497); *Deal v. Dickson,* 232 Ga. 885 (209 SE2d 214).

The granting of summary judgment by the trial court was not error. Appellee attached to his petition a copy of the note sued upon, appellant did not dispute the validity of the note, that the note was in default, that proper

demand was not made or that the note was entered into by mistake, fraud or accident.

In opposition to appellee's motion for summary judgment, one Bruce C. Armstrong by affidavit relied upon the joint and mutual release and the assumption and indemnity agreement. However, the defenses relating to the purported release and assumption and indemnity agreement were not legally adequate, for reasons previously set forth, and the affidavit of Armstrong therefore set forth no defense to the appellee's motion. The grant of judgment for the appellee was proper.

This court has repeatedly held that the purpose of the Summary Judgment Act is to eliminate the necessity for a trial by jury where, giving the opposite party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law. The Supreme Court stated, in *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 303 (138 SE2d 580): "the Act was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial even though the petition fairly bristles with serious allegations, if when notice and an opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail."

2. Enumeration of error number 2 is not supported by argument or citation of authority and must be considered abandoned. Rule 18 (c) (2), Rules of the Court of Appeals of the State of Georgia; Code Ann. § 24-3618; *Peluso v. State*, 139 Ga. App. 433 (1) (228 SE2d 395).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 8, 1977 — DECIDED NOVEMBER 2, 1977.

*Lynwood A. Maddox, William V. Hall, Jr., Grace E. Evans,* for appellants.

*Carr, Wadsworth, Abney & Tabb, James E. Flynn, Jr., Joel S. Wadsworth,* for appellees.