60676. FRANCHISE ENTERPRISES, INC. v. RIDGEWAY et al.
60677. BILBUB, INC. v. RIDGEWAY et al.

SOGNIER, Judge.

Appellant Bilbub entered into a contract with appellee Ridgeway for the construction and lease of two billboards advertising a Hardee's restaurant owned by Bilbub. Bilbub sold his interest in the restaurant to Franchise Enterprises, Inc. Thereafter, Bilbub

stopped making payments on the lease agreement with Ridgeway. Ridgeway sued Bilbub alleging breach of contract. Bilbub filed an answer alleging novation as a defense; Bilbub also filed a third party complaint over against Franchise Enterprises, Inc. claiming that under the contract of purchase between Bilbub and Franchise, Franchise agreed to indemnify Bilbub on any obligation it had to Ridgeway. The jury returned a verdict in favor of Ridgeway and against Bilbub in the amount of $9,600 damages and $5,750 as attorney fees. In addition, the jury found in favor of Bilbub on its third party complaint against Franchise in the amount of $9,600. Bilbub and Franchise filed separate appeals which we will consider together.

1. Bilbub contends that the trial court erred in failing to grant its motions for directed verdict, judgment notwithstanding the verdict, and new trial because the evidence demanded a finding that the rental contracts between Bilbub and Ridgeway had been discharged and extinguished by novation. Bilbub contends that the parties' conduct after execution of the contract to purchase between Bilbub and Franchise is sufficient evidence to show a novation, and thus a verdict should have been directed in Bilbub's favor.

"One simple contract as to the same matter, and on no new consideration, does not destroy another between the same parties; but if new parties are introduced by novation, so as to change the person to whom the obligation is due, the original contract is at an end." Code Ann. § 20-115. A novation is a complete contract in itself and has four essential elements: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. *Miller-Terrell, Inc. v. Strother,* 85 Ga. App. 763, 765 (70 SE2d 160) (1952); *Williams v. Rowe Banking Co.,* 205 Ga. 770, 771 (55 SE2d 123) (1949). There is no dispute that a previous valid obligation existed between Bilbub and Ridgeway. However, there is disagreement as to the remaining three elements.

There may be a novation of debtors, but the novation must be such as to release the original debtor and substitute a new debtor in his place. This release and substitution may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the new agreement. *Yancey Bros. Co. v. Bowling,* 92 Ga. App. 291, 293 (88 SE2d 566) (1955). The testimony disclosed that Ridgeway did not release Bilbub from its contractual obligation and that there was a dispute between Franchise and Bilbub regarding payment for leasing the billboards. There was no evidence that Ridgeway, either expressly or impliedly, released Bilbub. Thus, there was no novation. We find that the

evidence authorized the jury to enter a verdict in favor of Ridgeway for $9,600, and we will not disturb that verdict.

2. Bilbub next contends that it was error for the trial court to fail to grant appellant's motions for directed verdict, judgment notwithstanding the verdict, or new trial because the evidence did not authorize a jury verdict of $5,750 for attorney fees against Bilbub.

Code Ann. § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." It is only necessary for the plaintiff to show that one of the three conditions required by the statute exists. *Employers Liab. Assur. Corp. v. Sheftall,* 97 Ga. App. 398 (103 SE2d 143) (1958). A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness or causing unnecessary trouble and expense. *Murphy v. Morse,* 96 Ga. App. 513, 516 (100 SE2d 623) (1957); *Brooks v. Steele,* 139 Ga. App. 496, 499 (229 SE2d 3) (1976). The key to the test is whether there is a "bona fide controversy." Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to "unnecessary trouble and expense." *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317) (1972). Where, as here, Bilbub admitted the contract and admitted that Ridgeway had not released him from the contract, there appears to be no true bona fide controversy as to Bilbub's liability and the trial court properly submitted the issue of attorney fees to the jury. Since the award of attorney fees is supported by the evidence, we will not disturb it. *Harrison v. Ivie,* 143 Ga. App. 856, 857 (240 SE2d 224) (1977).

3. Bilbub also contends that the verdict in favor of Ridgeway in the amount of $9,600 damages and $5,750 attorney fees, and the verdict in favor of Bilbub against Franchise in the amount of $9,600, are inconsistent and contrary to law. Bilbub contends that since the jury returned a verdict against Franchise for the exact amount of Ridgeway's verdict against Bilbub, but *without* additional attorney fees, Bilbub was vindicated as to liability and the attorney fees exacted were a penalty.

Bilbub filed its third party claim against Franchise based on the indemnification clause of the contract between Bilbub and Franchise, and argues that if it is indemnified as to liability on the contract, it should also be indemnified as to attorney fees. Franchise contends that where Bilbub failed to expressly set forth in the contract any mention of the leases with Ridgeway, Franchise cannot be held responsible for assuming any liability on such leases. The contract of sale included the following indemnification clause:

"(b) *Indemnification of Sellers.* Franchise shall indemnify Sellers against any and all claims, demands, losses, costs, obligations, attorneys' fees, and liabilities that Sellers may incur or suffer as a result of Franchise's breach of any agreement, covenant or warranty in this agreement. Franchise shall further indemnify Sellers against any claim or loss resulting from Franchise's breach of or failure to perform after the closing date any duty or obligation of Sellers under any contract, lease, loan agreement, or other agreement to which Sellers are a party or by which Sellers are otherwise bound at the closing date, *but only to the extent that Franchise expressly assumes such duties or obligations* hereunder." (Emphasis supplied.)

Bilbub's representative admitted that there had been no specific reference to the Ridgeway leases when the contract between Bilbub and Franchise was executed, and that under the contract, Franchise never expressly assumed the obligation for the Ridgeway leases. We find no ambiguity in the terms of the contract, nor do we find sufficient evidence to show a mutual departure from the terms of the contract. By the terms of the contract, Franchise was not liable for any duty it did not expressly assume. In such a case, no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. *R. S. Helms, Inc. v. GST Develop. Co.,* 135 Ga. App. 845, 848 (219 SE2d 458) (1975). The trial court erred in failing to direct a verdict in favor of Franchise and against Bilbub as third party plaintiff.

4. In view of our holding in Division 3, appellant Franchise's other enumerations of error need not be discussed.

*Judgment affirmed in Case No. 60677; judgment reversed in Case No. 60676. Deen, P. J., and Birdsong, J., concur.*

Decided January 27, 1981.
Rehearing denied February 11, 1981 —

*Raymond G. Chadwick, Jr.,* for appellant (case no. 60676).
*John Stephen Jenkins, Stephen E. Shepard,* for appellees.
*Stephen E. Shepard,* for appellant (case no. 60677).
*John Stephen Jenkins, Raymond G. Chadwick,* for appellees.