## 66398. HALL v. ROBERTSON.

SOGNIER, Judge.

Hall and Greenwaide executed a sales contract to purchase certain real estate but failed to close the transaction. The real estate broker, Robertson, d/b/a Robertson Properties, sued Hall and Greenwaide to recover the commission due under the contract. The trial court granted Robertson's motion for summary judgment against Hall and Greenwaide. Hall appeals.

Appellant's sole contention on appeal is that the trial court erred in granting summary judgment in favor of appellee because prior to the date the contract was breached, appellant assigned his interest in the contract to a third party. We do not agree.

" 'It is a well-established rule that a party to a contract cannot relieve himself of the obligations which the contract imposed upon him merely by assigning the contract to a third person.' " *Southern Concrete Co. v. Carter Constr. Co.,* 121 Ga. App. 573, 574 (174 SE2d 447) (1970). While the other party to the contract may agree to accept the responsibility of the assignee in place of the assignor, thereby making a new contract by way of novation, the novation must be such as to release the original obligor and substitute a new obligor in his place. *Franchise Enterprises v. Ridgeway,* 157 Ga. App. 458, 459 (1) (278 SE2d 33) (1981). The four essential elements of a novation are: "(1) a previous valid obligation, (2) *the agreement of all the parties to the new contract,* (3) the extinguishment of the old contract, (4) the validity of the new one. [Cits.]" (Emphasis supplied.) Id. The record discloses that only the first element is present in the instant case.

The evidence shows that on the last day for closing appellant executed an assignment of all "right, title and interest in" the contract to a third party. The co-purchaser, Greenwaide, did not sign the document. This document, which appellant characterizes as a "release," shows on its face that it is ineffective as a release because it does not delegate to the assignee appellant's duties and obligations under the contract, nor does it contain the signatures of the seller and appellee-broker indicating their agreement to release appellant as obligor and substitute another in his place. Since there is no other evidence in the record to show that the seller and appellee agreed

expressly or impliedly to a release and substitution (see *Franchise Enterprises,* supra), appellant's enumeration of error is without merit. *Southern Concrete,* supra; *Cowart v. Smith,* 78 Ga. App. 194, 199 (50 SE2d 863) (1948); *Leverette v. Harmony,* 69 Ga. App. 126, 129 (2) (24 SE2d 856) (1943).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1983.

*Martin L. Polite,* for appellant.
*Aaron L. Buchsbaum, Samuel J. Brantley,* for appellee.