70998. BRACKMAN et al. v. PADGETT et al.
(339 SE2d 657)

BENHAM, Judge.

On October 21, 1981, appellee Mary Padgett, acting as president of appellee Pineapple, Inc., executed a promissory note in favor of appellant Athens Quick Print, Inc. A security interest in inventory, equipment, furniture, and fixtures was given appellant. In July 1984, appellees Padgett and Pineapple, Inc., conveyed the collateral to appellee Bill Bridges. Contending that the conveyance of the collateral constituted a default of the note executed by Padgett/Pineapple, Inc.,

to Quick Print, appellants accelerated the unpaid balance of the note and filed a petition for writ of possession. This appeal followed the trial court's denial of the writ of possession.

Appellant's position is premised on the belief that the promissory note executed by Padgett/Pineapple, Inc., forbade the conveyance of the collateral without the written consent of the holder of the note, Quick Print. However, the provision of the promissory note drawn into question reads as follows: "This note may not be assumed without the written consent of the holder and failure to obtain said written consent constitutes a default hereunder." " 'Assumption' is defined . . . as 'The act or agreement of assuming or taking upon one's self; the undertaking or adoption of a debt or obligation primarily resting upon another, as where the purchaser of real estate "assumes" a mortgage resting upon it, in which case he adopts the mortgage debt as his own and becomes personally liable for its payment.' " *Bagwell v. Sportsman Camping Centers*, 130 Ga. App. 888, 890 (204 SE2d 794) (1974). Rather than forbid transfer of collateral, the note prohibited the assumption of the note by a third party without Quick Print's consent. The note was not assumed by Bridges, who purchased the collateral from Pineapple, Inc.; in fact, Pineapple continued to make its scheduled payments on the note, tendering to the trial court the payments which were rejected by appellants. The trial court astutely observed that the note did not prohibit conveyance of the collateral and that no prohibited assumption of the note had occurred. Since there was no default on the part of Padgett/Pineapple, Inc., it was not error to deny the writ of possession.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 6, 1986.

*Anthony O. L. Powell*, for appellants.
*Gary L. Pleger*, for appellees.