75993. HALL v. BANK SOUTH, WASHINGTON COUNTY.
(368 SE2d 810)

McMURRAY, Presiding Judge.

Bank South, Washington County (plaintiff) brought an action against Johnnie W. Hall, Sr. (defendant) seeking to recover a deficiency judgment allegedly due to plaintiff by defendant under a promissory note which was secured by a parcel of real property owned by defendant. Defendant answered and admitted that he executed a promissory note and security instrument in favor of plaintiff, but denied liability to plaintiff for a deficiency under the promissory note, asserting, in general, the affirmative defenses of novation and accord and satisfaction.

Upon plaintiff's motion for summary judgment, the undisputed evidence showed that plaintiff sold the collateral real property under the authority of the security agreement executed by defendant, the proceeds of which were insufficient to satisfy defendant's debt to plaintiff. It is also undisputed that the foreclosure sale was approved and confirmed pursuant to the provisions of OCGA § 44-14-161 et seq. and a deficiency of $75,924.75 remained under the promissory note.

In opposition, defendant filed his affidavit, which provided, in pertinent part, as follows: "I met with Billy Nalls, an agent of the Plaintiff's, and it was agreed between Billy Nalls and I that the land would be sold and that any amounts received pursuant to the sale of the land would be accepted from [plaintiff] as full settlement of the obligation owed by me . . . I was then told by Mr. Billy Nalls that the rest and remainder of the debt owed would be taken as a business loss for tax purposes by [plaintiff] . . . Mr. Billy Nalls told me that this would be a tax write off for [plaintiff]."

Defendant appeals from summary judgment granted on plaintiff's motion. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in granting plaintiff's motion for summary judgment because there remained "material issues of fact as to whether or not there had been a settlement and release and accord."

"Where accord and satisfaction is raised as a defense, the burden of proof lies with the party relying on the doctrine. See *Searcy v. Godwin*, 129 Ga. App. 827 (3) (201 SE2d 670). Code Ann. § 20-1201 [now OCGA § 13-4-101] provides that 'Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution

of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract.' 'The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights.' Code Ann. § 20-1203 [now OCGA § 13-4-102]. 'An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration.' Code [Ann.] § 20-1204 [now OCGA § 13-4-103]." *McCullough v. Mobiland, Inc.*, 139 Ga. App. 260 (1), 261 (228 SE2d 146). In other words, " '[a] novation or accord and satisfaction is in itself a contract and must have all the elements of a de novo contract. (Cits.)' " *M. W. Buttrill, Inc. v. Air Conditioning Contractors*, 158 Ga. App. 122, 123 (2) (279 SE2d 296).

In the case sub judice, assuming as true defendant's assertion that he entered into an agreement with plaintiff to permit foreclosure and sale of the collateral real property to extinguish his debt, this agreement falls short of an accord and satisfaction since it is unenforceable for lack of consideration. " 'An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another.' *Johnson v. Hinson*, 188 Ga. 639 (2) (4 SE2d 561)." *Barnes v. Reliable Tractor Co.*, 117 Ga. App. 777, 778 (161 SE2d 918). Consequently, since defendant failed in presenting evidence to establish a prima facie case of novation or accord and satisfaction and since the amount of the deficiency under the promissory note is undisputed, the trial court properly granted summary judgment in favor of plaintiff.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 18, 1988.

*Jacque D. Hawk, Victor Hawk*, for appellant.
*John A. Dana*, for appellee.