A90A0462. COMMONWEALTH LAND TITLE INSURANCE COMPANY v. MILLER.
(395 SE2d 243)

MCMURRAY, Presiding Judge.

In February of 1979, Albert Raymond Miller and Linda Miller purchased a residence from Hazel Bartow by delivering a promissory note and deed to secure debt to Mrs. Bartow in the amount of $48,000. On April 29, 1980, Mr. Miller wrote Mrs. Bartow to advise

her of their intent to sell the property, further stating that "[p]ursuant to our agreement, any prospective buyer must be approved in writing by you if the prospective buyer wishes to assume the mortgage that you hold." No sale was made to a third party at that time, but after they divorced in 1982, Mr. Miller deeded the property to Mrs. Miller, who then began making the monthly payments to Mrs. Bartow. Mr. Miller testified at trial that Mrs. Bartow had orally agreed to the title transfer, but no written approval was obtained. Subsequently, because of financial troubles, Mr. Miller bought the property back from Mrs. Miller, with Mrs. Bartow's knowledge but without her written approval. In February of 1985 Mr. Miller conveyed the property to Sam F. Woodley, Jr., "contingent upon purchaser being able to assume the existing first mortgage in favor of Hazel Bartow." Mr. Woodley began making payments on the promissory note but he defaulted in August of 1985, after which Mrs. Bartow assigned the note to appellant Commonwealth Land Title Insurance Company ("Commonwealth").

Commonwealth brought the instant action against Mr. and Mrs. Miller, seeking to recover all principal and accrued interest plus attorney fees as provided in the note. Mr. Miller filed a third party complaint against Sam F. Woodley, Jr. Mrs. Miller did not answer or defend and default judgment was entered against her prior to trial. At trial, the amount of the deficiency was uncontested, but Mr. Miller defended on the ground that Mrs. Bartow's actions constituted a release by novation, waiver or equitable estoppel sufficient to relieve him of liability on the note. The trial judge overruled Commonwealth's motion for directed verdict and the jury found in favor of Mr. Miller. Commonwealth appeals from the denial of its motion for directed verdict and certain of the trial court's jury charges. *Held*:

" 'A novation . . . has four essential elements: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. (Cits.) . . . There may be a novation of debtors, but the novation must be such as to release the original debtor and substitute a new debtor in his place.' [Cit.] In the case at bar there is no dispute that a previous valid obligation existed between [Mr. Miller] and [Mrs. Bartow]. However, the evidence also established that [Mr. Miller] remained obligated on the [Woodley mortgage], and no other debtor was substituted for his obligation. Thus, no novation occurred here." *Randall v. Norton*, 192 Ga. App. 734, 736 (2) (386 SE2d 518) (1989).

More than two months after the sale to Sam F. Woodley, Jr., Mrs. Bartow's attorney wrote him requesting prompt payments in accordance with the note and advising him that the note had been transferred without the consent of Mrs. Bartow, the holder, who did

not waive any rights she had under the deed to secure debt. The fact that Mrs. Bartow accepted, or even demanded, payments from Sam F. Woodley, Jr., did not create a novation so as to substitute him as obligor on the note because: "there was no agreement of all parties to create a new contract and extinguish the old contract, and [Mr. Miller's] valid obligation to pay the indebtedness remained. [Cits.]" *Gosnell v. Waldrip*, 158 Ga. App. 685, 687 (3) (282 SE2d 168) (1981). Accord *Hall v. Robertson*, 168 Ga. App. 582 (309 SE2d 690) (1983). "In order for [Mr. Miller] to be released, there must be clearly shown both the intention of the creditor to release the first obligor as well as the extinguishment of his liability. (Cits.) No such evidence was presented here." *Motel Mgmt. Systems v. Billing*, 143 Ga. App. 702, 703 (1) (240 SE2d 173) (1977). See also *Hall v. Bank South, Washington County*, 186 Ga. App. 860 (368 SE2d 810) (1988).

Nor was any waiver or estoppel shown by the initial transfers of the property between Mr. and Mrs. Miller. They both executed the note and were co-obligors under its terms, which provided: "This Note shall be the joint and several obligation of all makers, sureties. . . ." See OCGA § 11-3-118 (e); *Ghitter v. Edge*, 118 Ga. App. 750, 752 (2) (165 SE2d 598) (1968). Thus, neither the transfer of the property between them, nor assumption of the duty to make payments under the note by one or the other, entitled Mr. Miller to rely on the doctrines of waiver and estoppel. Mrs. Bartow testified that it was immaterial to her which of the Millers made the payments since they both signed the contract, so clearly there was no reason for her to have objected, and "mere silence is not sufficient to establish a waiver unless there is an obligation to speak. [Cit.]" *Jordan v. Flynt*, 240 Ga. 359, 364 (3) (b), 366 (240 SE2d 858) (1977). "In cases of silence there must be not only the *right* but the *duty* to speak before failure to do so [becomes] an estoppel. [Cit.]" *Tybrisa Co. v. Tybeeland*, 220 Ga. 442, 445 (139 SE2d 302) (1964). "[W]here as here the only evidence of an intention to waive is what a party does or forbears to do, 'his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible.' [Cits.]" *Jones v. Roberts Marble Co.*, 90 Ga. App. 830, 832 (84 SE2d 469) (1954).

The facts here, construed as a matter of law in the light most favorable to Mr. Miller, were not sufficient to relieve him from liability. "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a). The parties stipulated to the execution and delivery of the promissory note by Mr. Miller, the default thereon and assignment to Commonwealth, and the amount due in damages.

"[O]nce the maker of a promissory note admits having executed the note, production of the instrument entitles a holder to the judgment sought unless the maker establishes a defense. OCGA § 11-3-307 (2). In the instant case, [Commonwealth] introduced the note, established its authenticity, and therefore, had a prima facie right as a matter of law to the face amount of the note and specified interest. [Cit.]" *Sadler v. Trust Co. Bank*, 178 Ga. App. 871, 873 (2) (344 SE2d 694) (1986). Since Mr. Miller did not carry his burden of establishing his defense that he had been released from liability on the note, Commonwealth was entitled to judgment, and a verdict should have been directed in its favor. *Gosnell v. Waldrip*, 158 Ga. App. 685, supra.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 17, 1990 —
REHEARING DENIED JUNE 5, 1990 —

*Ford & Harrison, F. Carlton King, Jr., John L. Monroe, Jr.*, for appellant.

*Michael Mears & Associates, Michael Mears, Towery, Thompson, Gulliver & Bunch, Matthew A. Towery, David Gottlieb*, for appellee.