73758. SMITH et al. v. CARLTON FARMS, INC. et al.
(353 SE2d 624)

BANKE, Presiding Judge.

The nine appellants herein, owners of lots in Countryside Subdivision, a residential subdivision in the City of Moultrie, Georgia, brought a declaratory judgment action against the developers of the subdivision and the owners of Lots 22 and 23 of Block C, thereof, seeking a declaration of the parties' rights with respect to certain alleged building restrictions governing the subdivision. They appealed to the Supreme Court from a judgment in favor of the defendant-appellees, and the Supreme Court transferred the case to this court.

A survey delineating the subdivision's lots, streets, and "green belts" was duly recorded by the developers in Colquitt County on November 10, 1975, as were various protective covenants governing the project. On May 21, 1976, the developers replatted Lots 22 and 23 of Block C so as to eliminate the "green belt" between those two lots as well as the "green belt" between those lots and an access road known as Meigs-Moultrie Post Road. That action precipitated prior litigation against the developers by other plaintiffs seeking the restoration of the "green belt," which litigation resulted in the entry of a judgment in favor of those plaintiffs on September 26, 1979, defining the term "green belt" to mean "the area surrounding the subdivision . . . wherein trees, grass and shrubbery can be planted and maintained . . . [and from which] living . . . trees, flowers, shrubs, and other greenery . . . may not be removed." While further ordering that the plat be revised to re-include the deleted "green belt" areas, the court specified that the owners of lots adjacent to such areas would have the right of access, ingress, and egress across it. As required by that order, the developers replatted Lots 22 and 23 to re-include a "green belt" both between the two lots and between the lots and the access road.

Some seven years later, on April 15, 1986, appellee Carlton Farms, Inc., conveyed Lot 23 of the subdivision to appellee Denny Gore. Appellants thereafter brought the present declaratory judgment action, alleging that they had purchased their properties in reliance on the building restrictions contained in the plat and restrictive covenants as well as the September 26, 1979, court ruling and that Gore

had plans to build a dwelling which, if constructed, would violate these restrictions in that it would face the Meigs-Moultrie Post Road rather than a subdivision street and would necessitate the construction of a private driveway across the "green belt." The trial court ruled that a private driveway across the "green belt" was authorized; that Gore could remove a reasonable number of trees in connection with the construction of such a driveway; that the subdivision's Architectural Control Committee ("Committee") was the final arbiter of all matters concerning the appearance and placement of structures within the subdivision; that the action of the Committee with respect to the improvements sought to be constructed by Gore were not arbitrary or capricious; that Gore was authorized to construct a residence which faced the Meigs-Moultrie Post Road rather than the subdivision street; and that his plans did not violate the subdivision regulations of the City of Moultrie. *Held*:

1. Appellants take the position on appeal that the 1979 order, which the trial court construed as containing no prohibition against the improvements sought to be constructed by Gore, was not binding upon them because they were not parties to the earlier proceedings. However, throughout the proceedings below appellants asserted that they had purchased their properties subsequent to the 1979 order and in reliance thereon. "One assuming a position in court and having that position sustained by the court cannot thereafter assume a contrary position. [Cit.]" *Printup v. Smith*, 212 Ga. 501, 502 (93 SE2d 679) (1956).

2. The appellants enumerate as error the trial court's rulings on the merits of the case as expressed in its findings of fact and conclusions of law. "In a bench trial the court sits as the trier of fact and his findings 'shall not be set aside unless clearly erroneous. . . .' [OCGA § 9-11-52 (a).] The 'clearly erroneous' test is the same as the 'any evidence rule.' [Cit.] Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them. [Cit.]" *Allen v. Cobb Heating &c. Co.*, 158 Ga. App. 209, 210 (279 SE2d 505) (1981); *Dept. of Transp. v. Arapaho Constr., Inc.*, 180 Ga. App. 341 (349 SE2d 196) (1986).

Having reviewed the entire record, we find that each of the trial court's factual findings was supported by at least some evidence and that its conclusions of law were authorized thereby. Accordingly, the judgment of the trial court must be affirmed.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 11, 1987.

*Billy G. Fallin*, for appellants.

*James C. Whelchel*, for appellees.