### 77230. GRAY et al. v. BROOKS.
(376 SE2d 722)

DEEN, Presiding Judge.

Appellee, Sylvia Brooks, operated a convenience store which she sold to appellants, who made a cash down payment and executed a promissory note and a security agreement for the balance. When appellants defaulted on their monthly payments, Mrs. Brooks filed an action seeking a writ of possession, to foreclose on the security agreement and for $8,214.60, the unpaid balance on the note. After a bench trial, the court entered judgment in favor of the appellee. This appeal was filed after the denial of appellants' "motion for a new trial, equitable motion to set aside judgment and alternatively for a j.n.o.v."

1. Appellants first contend that the trial court failed to give effect to the agreement of the parties concerning the loss and destruction of the inventory after its repossession.

The evidence showed that the appraiser who took the inventory after the repossession valued it at $14,988.54 retail. An auction was to be conducted, but when the auctioneer went to look at the store, he found evidence of a break-in, and the contents were strewn about. Very little inventory remained because of apparent pilfering and de-

struction of foodstuff by rats. The remaining inventory and equipment were sold at auction for $1,678.75. The trial court found that the equipment plus the inventory were valued at nearly $15,000 and that the sale price was reasonable.

The defendants introduced a letter into evidence, which was identified as a letter dictated by appellants' attorney in the presence of appellee's attorney, which states that "the parties agreed that the value of the inventory as set by the appraiser would control the matter as of the date that appellee took possession of the inventory. You are at liberty to dispose of this inventory at wholesale or retail or other fashion as you deem fit, and keep the proceeds in escrow available to us in case of judgment. We are nevertheless looking to you for the value of the inventory as of its date of valuation, whether you sell it for more or less than this price." The letter was admitted without objection. It was stipulated that it was a true and correct copy of the original that was dictated by appellants' attorney and that it constituted an agreement between the parties. Appellants argue that it was supported by consideration because it authorized appellee to sell the inventory at her other store for retail, and that the agreement provided the appraiser's valuation of the inventory and equipment was conclusive as to value.

Appellee argues that the letter merely indicates that an appraisal would be done, and should the trial court determine that appellee was not liable to appellants under the terms of the installment note and security agreement, the stipulated amount would be binding and the value of that amount would be returned to appellants. Appellee further contends that it provided that should appellee prevail at trial and appellants be found liable to appellee under the note and security agreement, the amount would have no bearing because appellee intended to go after a commercially reasonable sale and credit appellants for what the merchandise brought at the sale.

The trial court did not interpret this alleged agreement or even mention it in its initial findings of fact and conclusions of law entered on June 30, 1987, following a non-jury trial. After a hearing on appellants' post-judgment motions, the court entered an order on April 28, 1988, in which it considered the letter and rejected the assertion by appellants that it represented an agreement to set off "the *retail* value" of the merchandise against the balance due on the plaintiff's note and security deed. Appellants argue in their brief that this ruling shows unexplained bias and prejudice on the part of the judge and should be grounds for a new trial. A scrutiny of the record reveals that there is evidence to support the findings of the trial judge. *Weeter v. Holt*, 143 Ga. App. 664 (239 SE2d 552) (1977), and we find no error.

2. As appellants did not raise the issue in the court below that

appellee failed to file a bond pursuant to the provisions of OCGA § 44-14-263, it cannot be considered by this court for the first time on appeal. *Bostic v. State*, 184 Ga. App. 509 (361 SE2d 872) (1987).

3. Appellants' remaining enumerations of error all pertain to the conclusions of law by the trial judge and the finding that appellants blindly relied upon "false" statements made by appellee to them when they purchased the store.

The trial court's order shows that it made no such conclusions as to "false" statements. The court stated that the blind reliance of the appellants was not so much a product of fraud as it was of appellants' own carelessness. The appellee provided sales tax figures for the business and offered to allow appellants to examine the daily cash register receipts. Mrs. Brooks informed them that she did not have a beer license for the store because it was revoked for illegal sale of beer on Sunday. They made no inquiry as to the volume of the illegal sales and did not ask for a guarantee of the store's overall sales volume. Appellants claim they closed the store because it did not do the expected volume of sales and blamed Mrs. Brooks' failure to disclose the amount of illegal Sunday beer sales for their problem. Mr. Gray, however, also admitted that another reason for closing the store was his discovery that the State of Georgia owned the land up to the front door of the building in which the store was located.

The trial court's finding of a lack of fraud on the appellee's part is amply supported by the evidence. Factual determinations made by the trial court sitting without a jury in a civil case will not be disturbed unless clearly erroneous. *Theatre of the Stars v. Atlanta Woman's Club*, 184 Ga. App. 810, 814 (363 SE2d 6) (1987).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED DECEMBER 5, 1988.

*S. Phillip Brown*, for appellants.
*Cook & Shaffer, William D. Gifford, E. Thomas Shaffer, Jr.*, for appellee.