## A89A0797. GRIFFITHS et al. v. PHENIX SUPPLY COMPANY, INC.
### (385 SE2d 789)

McMURRAY, Presiding Judge.

Plaintiff Phenix Supply Company, Inc., brought this suit on an account against defendants Griffiths and Olsen, in the State Court of Cobb County. Answering the complaint, defendants pleaded, inter alia, novation. Additionally, defendants asserted a counterclaim against plaintiff seeking damages for abusive litigation.

Following the entry of a pre-trial order, the case was tried by the court sitting without a jury. It was stipulated that with regard to the main claim, the sole issue to be determined at trial was whether there was a novation of defendants' debt to plaintiff.

Determining that no novation occurred, the trial court entered judgment in favor of plaintiff and against defendants on the main claim (in the amount of $21,600). It also entered judgment in favor of plaintiff with regard to the abusive litigation counterclaim and awarded plaintiff attorney fees pursuant to OCGA §§ 9-15-14 (b) and 13-6-11. Defendants appeal. *Held*:

1. "A novation or accord and satisfaction is in itself a contract and must have all the elements of a de novo contract. [Cits.] Therefore, there must be a meeting of the minds if the novation or accord and satisfaction is to be valid and binding." *Mayer v. Turner*, 142 Ga.

App. 63 (1), 64 (234 SE2d 853). " 'In every novation there are four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. If these essentials, or any one of them, are wanting, there can be no novation.' [Cit.]" *Savannah Bank &c. Co. v. Wolff*, 191 Ga. 111, 119 (4), 120 (11 SE2d 766). Thus, "it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, who was released from the promise. In other words, it must be shown that the person substituted as the debtor in the place of the person released, became such as the result of an agreement in which all three concurred." *Palmetto Mfg. Co. v. Parker & Anderson*, 123 Ga. 798, 800 (51 SE 714). Accord *Cowart v. Smith*, 78 Ga. App. 194, 198 (50 SE2d 863).

In the case sub judice, defendants presented evidence demonstrating that plaintiff agreed to accept defendants' partial payment (a check in the amount of $5,406.69) and a third party's promissory note in order to extinguish defendants' debt. On the other hand, plaintiff presented evidence demonstrating it made no such agreement with defendants or the third party. The trial court credited plaintiff's evidence, finding plaintiff did not agree with defendants or the third party to accept the check and note in order to extinguish defendants' debt. Accordingly, the trial court concluded that no novation occurred. Inasmuch as the trial court's conclusion is supported by the evidence, we will not interfere with it. *Campo Constr. v. Stembridge*, 138 Ga. App. 555, 557 (226 SE2d 797). "We will not retry factual issues but limit our review to the correction of errors of law. *Kingston Development Co. v. Kenerly*, 132 Ga. App. 346, 348 (208 SE2d 118)." *Campo Constr. v. Stembridge*, supra at 557.

2. Defendants contend a novation occurred as a matter of law because they presented the partial payment check and the third party's promissory note simultaneously to plaintiff and plaintiff cashed the check (although plaintiff made no efforts whatsoever to collect the promissory note). This contention is without merit. There was ample evidence that plaintiff did not accept the check in conjunction with the promissory note upon the understanding that defendants' debt was to be extinguished. In fact, according to plaintiff, no understanding whatsoever was reached by the parties regarding the presentation of the check and the promissory note. See generally *Lewis v. Alfred L. Simpson & Co.*, 183 Ga. App. 166 (358 SE2d 262).

3. The trial court determined that plaintiff was substantially justified in bringing suit against defendants; that defendants' counterclaim for abusive litigation lacked substantial justification; and that defendants' counterclaim unnecessarily expanded the proceedings. It also determined that defendants acted in bad faith, were stubbornly

litigious, and caused plaintiff unnecessary trouble and expense. Accordingly, the trial court awarded plaintiff attorney fees pursuant to OCGA §§ 9-15-14 (b) and 13-6-11. Defendants contend the trial court erred in awarding attorney fees to plaintiff.

In determining whether a trial court erroneously assessed attorney fees under OCGA § 9-15-14 (b), the standard of review is "abuse of discretion." *Haggard v. Bd. of Regents &c.*, 257 Ga. 524, 527 (360 SE2d 566). With regard to awards of attorney fees under OCGA § 13-6-11, the standard of review is "any evidence." *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796). Employing these standards of review, we conclude that the trial court did not err in awarding attorney fees to plaintiff.

4. Plaintiff's motion to assess frivolous appeal damages is denied. *Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Kearns & Reeves, Charles F. Reeves*, for appellants.
*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, William M. Ragland, Jr.*, for appellee.