A91A1220. FINCH v. FINCH.
(414 SE2d 245)

COOPER, Judge.

Appellant appeals from a judgment of the trial court granting appellee's motion to enforce a settlement agreement.

The parties to this case were formerly husband and wife. After their divorce, the ownership of their former residence was placed in both their names. Sometime after the divorce, appellee, the former husband, conveyed his ownership interest in the property to appellant, the former wife, thus vesting complete ownership of the property in appellant. Several months after this conveyance, appellee filed suit

against appellant seeking to set aside the deed, alleging that consideration for the deed was appellant's promise to remarry appellee. Appellee further alleged that at the time of the conveyance to appellant, appellant had no intention of marrying appellee and therefore the deed was fraudulently induced and lacked consideration. Subsequent to the filing of the suit, counsel for the parties entered into negotiations and reached a settlement agreement whereby the property would be appraised and appellant would then pay one-half of the appraised value of the property to appellee. The trial court found that the parties announced that the case had been settled in open court. As part of the settlement negotiations, counsel for appellee agreed that appellant could inspect the property prior to paying any money to appellee. During this inspection, a disagreement occurred between the parties, and appellant refused to comply with the settlement. Appellee then filed a Motion to Enforce Settlement Agreement, which, after a hearing before the trial court, was granted, and the court entered judgment against appellant for one-half of the appraised value of the property plus interest.

1. Appellant first enumerates that the trial court erred in enforcing the settlement because a condition precedent to the enforceability of the agreement, appellant's right to inspect the house, was not fulfilled. Despite appellant's contentions in her brief about the necessity of compliance with the condition precedent before the agreement could be enforced, the evidence adduced at the hearing does not at all support appellant's position. Appellant testified at the hearing that a settlement agreement was reached and that she consented to that agreement. Appellant testified as to her understanding of the terms of the agreement, which were not disputed by appellee. Appellant does not contest her attorney's authority to enter into the agreement, nor do the parties dispute that appellee did agree to allow appellant to inspect the house. Moreover, the evidence is clear that appellant did in fact inspect the house. It was during the inspection that a disagreement arose between appellant and appellee. In her brief, appellant states that her right to inspect was denied because appellee did not want appellant to inspect one bedroom closet; however, appellant's testimony does not indicate that this was the reason she refused to comply with the agreement. Appellant testified that, as the result of an argument about a camera, appellee stated that he did not want to settle, and therefore appellant refused to settle. Despite appellee's refusal to settle, appellant did not attempt to enforce the settlement against appellee. Even if appellant was dissatisfied with the extent of her inspection, she nevertheless did not seek to enforce a more complete inspection against appellee. Instead, appellant decided to refuse to settle, and rejected a binding settlement agreement. Even though appellee offered at the hearing to allow a full inspection to the satis-

faction of appellant, appellant refused to settle. "[A]n attorney has the authority to enter into settlement agreements and . . . an oral agreement is binding upon the client. [Cits.] 'An attorney of record has apparent authority to enter into agreements on behalf of his client(s) in civil actions. Oral agreements if established, are enforceable.' [Cits.]" *Bridges v. Bridges*, 256 Ga. 348, 349 (1) (349 SE2d 172) (1986). See Uniform Superior Court Rule 4.12. Contrary to the issues raised in *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983) and *LeCroy v. Massey*, 185 Ga. App. 828 (366 SE2d 215) (1988), appellant herein never contested the existence of the agreement, the terms of the agreement or her attorney's authority to enter into the agreement. The trial court found that appellant was allowed reasonable inspection of the property prior to consummation of the transaction. This finding is supported by the evidence and is not clearly erroneous. *Parking Co. of America v. Sucan*, 195 Ga. App. 616 (1) (394 SE2d 411) (1990). Accordingly, the trial court did not err in enforcing the settlement agreement against appellant and in entering judgment against her.

2. Appellant also argues that the trial court's order was in error because the oral settlement agreement violated the statute of frauds as the agreement was a contract for the sale of lands or concerning lands. As this argument was raised on appeal for the first time, we will not consider it. *Warren v. Jenkins*, 190 Ga. App. 442 (2) (379 SE2d 19) (1989).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991.

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Westmoreland, Patterson & Moseley, Thomas H. Hinson II*, for appellee.