A92A0737. BAIRD v. BAIRD et al.
(420 SE2d 342)

JOHNSON, Judge.

Appellees Elena and Leah Baird brought this action against their mother, Ms. Judith Baird, to recover funds placed in trust for them by their paternal grandparents. The corpus of the trusts was in the form of stock in the Baird Bread Company. The stock was held by their father, Roland Baird. Subsequent to the gifts of stock, Mr. and Ms. Baird divorced. Ms. Baird was given custody of the children and Mr. Baird maintained possession of their stock. Mr. Baird, pursuant to an agreement with Ms. Baird, sold the subject stock back to Baird Bread and turned over the proceeds to Ms. Baird for the benefit of the children. Appellees contend that their mother breached her fiduciary duty as trustee by converting the trust proceeds for her own personal benefit.

After a jury trial, a special verdict was returned in favor of appellees in the amount of $94,324.72 principal and pre-judgment interest, and $64,130.21 in attorney fees and costs. Ms. Baird appeals from the verdict and the denial of her motion for new trial.

1. Ms. Baird contends that the trial court erred in granting appellees' motion in limine which precluded the introduction of Mr. Baird's prior conviction of the federal misdemeanor crime, Conspiracy In Restraint of Interstate Trade & Commerce (15 USC § 1). 15 USC § 1 provides, in pertinent part, "[e]very person who shall make any such contract or engage in any such combination or conspiracy . . . shall be deemed guilty of a misdemeanor." 15 USC § 1 (1890). Ms. Baird asserts that the crime is one of moral turpitude and, therefore, proper for use as impeachment evidence against him. We disagree.

It is well-settled in this state that a witness in a civil case may be impeached by proof of conviction of a misdemeanor if it appears that such offense was one involving *moral turpitude. Giles v. Jones,* 169

Ga. App. 882 (315 SE2d 440) (1984). "[C]rimes involving moral turpitude are 'restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are *malum in se* and disclose a depraved mind. (Cit.)' [Cit.]" *Seaboard Coast Line R. Co. v. West*, 155 Ga. App. 391, 393 (271 SE2d 36) (1980). Crimes malum in se are those inherently immoral, whereas crimes malum prohibitum are those not inherently immoral but are simply forbidden by law.

A federal court, in interpreting the statute under which Baird was convicted, noted that the word "conspiracy" in 15 USC § 1 refers merely to an agreement or contract which is *forbidden by law* and is *not* intended to be interpreted as having an *opprobrious* connotation. (Emphasis supplied.) *Webster Motor Car Co. v. Packard Motor Car Co.*, 135 FSupp. 4, 9 (D.C.D.C. 1955), rev'd on other grounds 243 F2d 418, 100 U. S. App. D.C. 161, cert. den. 355 U. S. 822 (78 SC 29, 2 LE2d 38), reh. den. 355 U. S. 900 (78 SC 259, 2 LE2d 197), reh. den. 357 U. S. 923, (78 SC 1358, 2 LE2d 1363).

It appearing to this court that a federal court previously determined Conspiracy In Restraint of Trade to be a crime malum prohibitum rather than malum in se, we find that it is not a crime of moral turpitude and therefore a prior conviction of this misdemeanor offense cannot properly be used as a tool for impeachment of a witness. Accordingly, the trial court did not abuse its discretion in granting appellees' motion in limine.

2. Ms. Baird further contends that the trial court erred in charging the jury on pre-judgment interest and in allowing the final judgment to incorporate an award of pre-judgment interest because the case involved unliquidated damages. This enumeration is without merit.

Evidence produced at trial in the form of testimony and bank records indicated that checks in the amount of $24,000 were placed by Ms. Baird in separate trust accounts for appellees. The transcript reveals that on March 28, 1979, with additional interest accrued, one of the appellees had an account balance of $25,060 and the other appellee had an account balance of $24,969.64. The balances of the accounts after taxes were paid on April 26, 1991, and April 27, 1991, were $22,444 and $22,353, respectively. Further evidence presented at trial showed that by June 20, 1979, Ms. Baird had removed all of the money and accrued interest from one account and by June 29, 1979, she had removed all of the money and interest from the other account. At that time, according to Ms. Baird's deposition, she commenced to commingle the monies from the two accounts with her own.

Liquidated damages are those that are for a "certain and fixed" amount. *International Indem. Co. v. Terrell*, 178 Ga. App. 570 (344 SE2d 239) (1986); see also *Nisbet v. Lawson*, 1 Ga. 275, 287 (1846). It

is "a sum which cannot be changed by the proof; it is so much or nothing. . . ." *Nisbet* at 287. In the instant case, the evidence in the form of bank records indicates that the principal and pre-judgment interest represented a *liquidated*, rather than an unliquidated amount in damages in that they were capable of calculation to a certainty.

Furthermore, one who has wrongfully detained money belonging to another, is chargeable with interest thereon from the time he received it. See *Allen v. Allen*, 198 Ga. 269 (31 SE2d 483) (1944); see also *Anderson v. State of Ga.*, 2 Ga. 370 (1847).

The evidence produced at trial indicates that the appellees' money was spent by their mother. Ms. Baird did not present any evidence accounting for the subject funds. The jury determined that Ms. Baird breached her fiduciary duty as trustee of her daughters' accounts and was, therefore, liable for the interest accrued on the subject accounts from the time she received the proceeds checks from Mr. Baird.

"The trial court must give jury instructions on all issues raised by the pleadings or the evidence; the instructions should be adjusted to the evidence actually presented at trial." *Vinson v. E. W. Buschman Co.*, 172 Ga. App. 306, 310 (323 SE2d 204) (1984). Accordingly, the court did not err in charging the jury on principles of law involving pre-judgment interest as it was a material issue in the instant case.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED JUNE 10, 1992 —
RECONSIDERATION DENIED JUNE 29, 1992 — 

*Lawson & Daniell, John W. Lawson, Roy B. Daniell III*, for appellant.

*Branch, Pike, Ganz & O'Callaghan, Alfred B. Adams III*, for appellees.