A93A0618. NATIONAL CHEMCO, INC. et al. v. UNION CAMP CORPORATION.

(433 SE2d 691)

BIRDSONG, Presiding Judge.

National Chemco, Inc. and Ivan T. Smith (collectively "Chemco") appeal from a judgment for Union Camp Corporation, entered after a bench trial in an action for breach of contract. Smith's liability is based on his personal guaranty of payment for purchase contracts.

The evidence shows Chemco placed two orders with Union Camp to manufacture and print bags. Union Camp accepted the orders but Chemco called to put the orders on hold; Union Camp's representative agreed initially, but then advised Chemco the orders had been printed before they could be put on hold. Additionally, Union Camp's witness testified that Chemco did not try to cancel the orders but instead sought to delay production.

Chemco contends, however, that the two contracts were mutually rescinded, and that the trial court erred as a matter of law by not finding that the contracts were rescinded. *Held*:

Although couched by Chemco as an error of law, the issue on appeal is whether, under the evidence, there were mutual rescissions of the contracts. The trial court found there were not, and now Chemco asks this court to review the evidence and reach a different result. This court, however, has no such authority. We are limited to consideration of whether the trial court's findings are clearly erroneous and are obliged to give due regard to the trial court's opportunity to judge the witnesses' credibility. OCGA § 9-11-52 (a). Thus, we are bound to credit the trial court's statement that Union Camp's witness was the more credible.

Therefore, the issue is whether any evidence supports the finding that there was no rescission implicit in the trial court's judgment for Union Camp. As the finding is supported by testimony of Union Camp's witness, we cannot disturb the judgment of the trial court. *Smith v. Carlton Farms*, 181 Ga. App. 743, 744 (353 SE2d 624). We cannot review any other alleged findings, for there are none preserved for appeal, Chemco having failed to move timely for issuance of findings of fact by the trial court. See OCGA § 9-11-52 (c).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 1, 1993.

*Meadows, Ichter & Trigg, Mark G. Trigg, Lauren S. Antonino,* for appellants.

*Stokes, Lazarus & Carmichael, Richard J. Joseph,* for appellee.