A93A1930, A93A1931. RIVERGATE CORPORATION et al. v.
ATLANTA INDOOR ADVERTISING CONCEPTS, INC.
(two cases).
A93A1932. ATLANTA INDOOR ADVERTISING CONCEPTS,
INC. v. RIVERGATE CORPORATION et al.
(436 SE2d 697)

BLACKBURN, Judge.

These appeals follow the trial court's grant of summary judgment in favor of Atlanta Indoor Advertising Concepts, Inc. d/b/a Headlines USA (Atlanta Indoor) and the court's subsequent denial of Atlanta Indoor's request for attorney fees and prejudgment interest.

---

Atlanta Indoor brought the underlying breach of contract action against Rivergate Corporation d/b/a Frank Jackson Lincoln Mercury, Inc. (Rivergate), an automobile dealership, and its sales manager, Brian Logun, for Rivergate's refusal to continue payments pursuant to a March 28, 1989, agreement for advertisements in restroom facilities of commercial establishments. The agreement at issue represents the third advertisement agreement entered into between the parties.

On November 17, 1988, in his capacity as sales manager, Logun executed a contract with Atlanta Indoor for advertisements in "all locations" leased by Atlanta Indoor for a one-month period at a rate of $3,500. Although both Rivergate and Logun contend that Logun did not have the authority to bind the corporation at the time that Logun executed the first agreement, Rivergate ratified Logun's acts by fully performing pursuant to the agreement. A second agreement was entered into between Logun and Atlanta Indoor on January 27, 1989, for advertisement in "all available locations" for the period of February 1, 1989, through June 1, 1989, at a rate of $3,000, and Rivergate performed under said agreement. Rivergate provided apparent authority to Logun to enter into the third agreement with Atlanta Indoor by having ratified the first two agreements and by failing to give notice to Atlanta Indoor of any revocation of Logun's authority as to any future agreements.

Prior to the expiration of the second agreement, Logun executed the superseding third agreement for increased advertising for a period of one year beginning April 1, 1989, at a rate of $5,500 per month. Rivergate made four payments to Atlanta Indoor, under the superseding agreement and then attempted to cancel the contract for economic reasons. The underlying actions ensued.

## Case No. A93A1930

1. In this appeal, Rivergate argues that the trial court erred in granting summary judgment in favor of Atlanta Indoor as it maintains that the contract was invalid and Logun was without authority to bind the corporation by such an agreement. We conclude otherwise and summary adjudication was proper.

It has long been the law of this state that a corporation, by its actions or silence, can ratify actions taken by its agent. *Dobbs v. Titan Properties*, 178 Ga. App. 389 (1) (343 SE2d 419) (1986). The record viewed in the light most favorable to Rivergate shows that Rivergate made payments pursuant to the terms of the March 28, 1989, agreement for several months after its agent executed the contract. Assuming arguendo that Logun acted ultra vires in executing the advertising contract, any initial invalidity associated with Logun's want of authority was ratified by Rivergate's prompt payment pursuant

thereto and its ratification of the two earlier contracts. Id.

The trial court correctly found that the contract in issue was not ambiguous as the parties, based upon their past dealings, understood the meaning of the term "all locations." The language contained in the contract in question was essentially the same language contained in the prior contracts performed by the parties and established the terms, meanings and intentions of the parties. See *Ricketson v. Metts*, 173 Ga. App. 606, 608 (327 SE2d 570) (1985). Accordingly, Rivergate's enumerations are without merit.

### Case No. A93A1931

2. Although Rivergate asserts that the trial court correctly denied Atlanta Indoor's request for attorney fees and interest, the corporation appealed the May 6, 1993 order based upon its concern that the order would be viewed by this court as a modification of the March 31, 1993 order. Inasmuch as the May 6, 1993 order is not viewed as a modification as contemplated by Rivergate, this appeal is hereby dismissed.

### Case No. A93A1932

3. In its cross-appeal, Atlanta Indoor asserts that the trial court erred in denying its request for prejudgment interest under OCGA §§ 7-4-15 and 7-4-16. We agree.

OCGA § 7-4-15 provides that "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them. . . ." An award of interest under this provision is not premised on bad faith but on the principle that when a debt is owed and the demand for funds is made, interest accrues from the time entitlement attaches. *Intl. Indem. Co. v. Terrell*, 178 Ga. App. 570 (344 SE2d 239) (1986). As we have noted in *Consulting Constr. Corp. v. Edwards*, 207 Ga. App. 296, 299 (427 SE2d 789) (1993), "[an] award of prejudgment interest pursuant to OCGA § 7-4-15 is mandatory rather than discretionary, [cit.], and is awarded by a judge as a matter of law. [Cit.]"

Inasmuch as the amount due on the contract forming the subject matter of this action was fixed, certain, and ascertainable under its terms, the damages sought are liquidated, and the trial court erred in denying Atlanta Indoor's request for pre-judgment interest. *Baird v. Baird*, 204 Ga. App. 706 (1) (420 SE2d 342) (1992). Accordingly, we must remand this case to the trial court for the issuance of an award on pre-judgment interest based upon the applicable rate contained in OCGA § 7-4-16. Cf. *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253 (2) (342 SE2d 694) (1986).

4. We reject Atlanta Indoor's request for attorney fees under

OCGA § 13-6-11 as the "mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness or causing unnecessary trouble and expense" as contemplated under the statute. (Citations omitted.) *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (2) (278 SE2d 33) (1981). The key is whether a bona fide controversy exits. Id.

In the case sub judice, the record shows that a justiciable controversy existed as to Rivergate's liability under the agreement at issue, which prevents the recovery of bad faith expenses under this provision. Accordingly, the trial court did not abuse its discretion in denying Atlanta Indoor's request for assessed attorney fees.

5. Contrary to Rivergate's contention, this court does have jurisdiction to entertain Atlanta Indoor's direct appeal of the trial court's denial of its request for attorney fees pursuant to OCGA § 9-15-14 (b) as there has been a direct appeal from the underlying judgment. *Rolleston v. Huie*, 198 Ga. App. 49 (400 SE2d 349) (1990). However, an award of attorney fees and expenses of litigation is discretionary under this section, and on review, we must determine whether the trial court abused its discretion in denying the motion. See *Griffiths v. Phenix Supply Co.*, 192 Ga. App. 651 (385 SE2d 789) (1989). Considering the trial court's initial recognition of material issues of fact which precluded summary adjudication, we cannot say that Rivergate's defense lacked substantial justification. Cf. *Contractors' Bldg. Supply v. Gwinnett Sash &c.*, 199 Ga. App. 38 (403 SE2d 844) (1991). Accordingly, this enumeration is also without merit.

*Judgment affirmed in Case No. A93A1930. Appeal dismissed in Case No. A93A1931. Judgment affirmed in part, reversed in part, and remanded with direction in Case No. A93A1932. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 24, 1993 —
RECONSIDERATION DENIED OCTOBER 12, 1993

*Branch, Pike & Ganz, Thomas B. Branch III, Barry G. Roberts,* for Rivergate Corporation.

*Adam R. Gaslowitz,* for Atlanta Indoor Advertising Concepts, Inc.