## A95A0837, A95A0838. PECAN SHOPPE OF FREDERICKSBURG et al. v. BANK OF DODGE COUNTY (two cases).

(457 SE2d 223)

Blackburn, Judge.

Appellants/cross-appellees/plaintiffs, Pecan Shoppe of Fredericksburg, d/b/a Pecan Shoppe of Thornburg and Stuckey's Pecan Shoppe (referred to collectively as Stuckey's) brought the underlying action against appellee/cross-appellant/defendant Bank of Dodge County (bank) to recover damages for the bank's negligent issuance of money orders in the amount of $83,000 to Stuckey's accountant and financial affairs manager, Donald R. Purser.[1] The complaint alleged: the bank was on notice of Purser's breach of fiduciary duty because it had cashed and deposited checks which Purser had drawn on Stuckey's accounts and made payable to the bank; the bank was negligent by failing to determine why such checks were made payable to the bank and by treating them as bearer paper; and the bank's acts and omissions constituted commercial bad faith and the conversion of monies belonging to Stuckey's. The bank answered and filed a cross-claim against Purser's estate and a third-party complaint against Stuckey's co-owners.

Following discovery, the parties filed cross-motions for summary judgment in the principal case. Thereafter, the parties agreed by stipulation that the question of whether the bank's cross-claim against Purser's estate sounded in contract or tort should be submitted to the trial court along with their motions for summary judgment. The trial court denied the motions for summary judgment and found that the bank's cross-claim against Purser's estate was a claim ex contractu. Thereafter, we granted the parties' applications for interlocutory review.

1. On appeal, the parties argue that the trial court erred in denying their motions for summary judgment. In particular, Stuckey's asserts that its motion for summary judgment should have been granted because the bank, as a matter of law, lacked status as a holder in due

---

[1] Purser is now deceased.

course.

OCGA § 11-3-302 (1) (c) pertinently provides that to be a holder in due course, a holder must take a negotiable instrument "[w]ithout notice . . . of any defense against or claim to it on the part of any person." While OCGA § 11-3-304 (2) indicates that a purchaser takes an instrument with notice of a claim against it when the purchaser knows that a fiduciary has negotiated the same to pay for a personal debt in breach of a fiduciary duty, it is unclear that the bank should here be charged with such knowledge. A genuine issue of material fact exists as to whether or not the facts herein constitute notice to the bank, and the trial court properly denied the motions for summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

2. The parties further argue that the trial court erred by failing to grant partial summary judgment as to punitive damages and the cost of litigation. The question of entitlement to punitive damages and the amount thereof is a jury question. Accordingly, the trial court properly denied the parties' motions for summary judgment in this regard.

3. Finally, Stuckey's contends that the trial court erred in granting a partial summary judgment to the bank by holding that the bank's cross-claim against Purser's estate is ex contractu. The parties stipulated this issue for determination by the court and its ruling is supported by the evidence. See *Nat. Chemco v. Union Camp Corp.*, 209 Ga. App. 317, 318 (433 SE2d 691) (1993).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 5, 1995 —
RECONSIDERATION DENIED APRIL 19, 1995 — 

*Sell & Melton, Edward S. Sell III, Buckner F. Melton, Michelle W. Johnson,* for appellant.
*Mills & Chasteen, Ben B. Mills, Jr.,* for appellees.