A07A0821. TOMMY McBRIDE REALTY, INC. v. NICHOLSON.
(648 SE2d 468)

PHIPPS, Judge.

Tommy McBride Realty, Inc. sued Sam Nicholson for breach of the commission provision of an Exclusive Leasing/Management Agreement (the "management agreement"). Nicholson responded that McBride Realty had breached the management agreement's implied covenant of good faith and fair dealing. McBride Realty filed a motion for summary judgment, which the trial court denied without explanation. After a bench trial, the court awarded McBride Realty a portion of the amounts sought in its complaint. On appeal, McBride Realty claims that the trial court erred by denying its motion for summary judgment, by failing to award the full commission owed under the management agreement, and by failing to award prejudgment interest on the amounts owed by Nicholson. We conclude that McBride Realty was entitled to the full commission owed under the management agreement and to prejudgment interest on that amount. Thus, we reverse the trial court's judgment as to the sales commission and remand for an award of prejudgment interest.

Nicholson, as owner, and McBride Realty, as broker, entered the management agreement on July 12, 2002. The agreement provided McBride Realty the exclusive right to lease and manage certain property in Augusta for two years. In a paragraph entitled "Sale of Property," the agreement provided that

> [i]f Owner sells the Property to a tenant . . . obtained by Broker, either during the term of the lease or thereafter, Owner will pay Broker a commission of 10% of the price for which the Property is sold. This obligation shall survive the expiration or termination of this Agreement.

Thomas McBride was the broker on a lease of the property from Nicholson to Edna Barmore. The lease agreement provided that if Barmore acquired title to the property or any portion thereof during the lease term or within six months thereafter, Nicholson would pay McBride a commission of ten percent of the gross sales price, in lieu of any further commissions that would have been due under the lease.

Toward the end of the lease term, Barmore decided that she wanted to buy the property. Because she did not enjoy dealing with McBride, she contacted another realtor for help. Barmore offered to purchase the property through her realtor, with the commission to be split evenly between McBride Realty and Barmore's realtor. Nicholson was willing to accept the offer, but McBride Realty refused to accept less than the full ten percent commission. Barmore testified that she withdrew her offer at one point because of McBride's conduct and that she would not have completed the transaction if McBride Realty was going to receive a ten percent commission.

In a letter dated August 13, 2002, Nicholson dismissed McBride Realty from any further involvement with the property. He offered to pay McBride Realty one-half of the commission at closing. On September 11, 2002, Nicholson sold the property to Barmore for $71,250. Nicholson paid Barmore's realtor five percent of the purchase price as commission and held another five percent in escrow for McBride Realty for over a year. McBride Realty refused the five percent, and the money was returned to Nicholson.

The trial court awarded McBride Realty $3,565 for real estate sales commissions and $182.72 for rental commissions and expenses. It is not clear from the trial court's order or the record what rental commissions and expenses were claimed to be owed. However, Nicholson did not file a cross-appeal challenging that portion of the trial court's award. The award of $182.72 is therefore affirmed.

1. McBride Realty claims that it was entitled to the full ten percent commission provided for in its agreement with Nicholson. We agree.

There is no dispute that Nicholson sold the property to a tenant obtained by McBride Realty and that the sale occurred during the lease term. The management agreement specifically provided that McBride Realty was entitled to ten percent of the purchase price for such a sale. Nicholson, however, argues that McBride Realty is not entitled to anything because it breached the duty of good faith and fair dealing by refusing to negotiate the terms of the commission.

"It is a well-recognized principle of contract law that both parties are under an implied duty of good faith in carrying out the mutual promises of their contract."[1] "A duty of good faith and fair dealing is implied in all contracts in this state."[2] However, it is also well settled that a party does not breach its obligation of good faith where it

---

[1] *Southern Business Machines of Savannah v. Norwest Financial Leasing*, 194 Ga. App. 253, 256 (2) (390 SE2d 402) (1990) (citations and punctuation omitted).

[2] Id. (citation omitted).

exercises a right that it has under the contract.[3] McBride Realty was entitled to a ten percent commission under the terms of the management agreement, and insisting that it be paid that amount did not constitute a breach of its obligation of good faith. The trial court, therefore, erred in failing to award the full commission due McBride Realty.

2. McBride Realty claims that it is entitled to seven percent interest on the unpaid commission from the date of closing. The trial court awarded future interest on the amount of the judgment, but did not award prejudgment interest.

Pursuant to OCGA § 7-4-15, "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them. . . ." Because there was no dispute about the specific amount that McBride Realty was entitled to receive from Nicholson if it earned the full commission set forth in the operative contracts, that amount was liquidated.[4] The fact that Nicholson offered to pay only one-half of that amount would not render McBride Realty's claim unliquidated.[5] The trial court therefore erred by failing to award McBride Realty prejudgment interest. Accordingly, we must remand this case to the trial court for the issuance of an award of prejudgment interest based upon the applicable rate of seven percent per annum.[6]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 25, 2007.

*Woodard & Butler, B. Ray Woodard*, for appellant.
*Nicholson Revell, J. Taylor Anderson III*, for appellee.

---

[3] Id.; *Hemmerich v. Southeast Properties Group*, 230 Ga. App. 697, 699 (1) (498 SE2d 87) (1998).

[4] See *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 255 (2) (342 SE2d 694) (1986).

[5] See id.

[6] See *Rivergate Corp. v. Atlanta Indoor Advertising Concepts*, 210 Ga. App. 501, 503 (3) (436 SE2d 697) (1993); OCGA § 7-4-2 (a) (1) (A).